546 P.2d 798

**BANNER REALTY, INC., an Arizona Corporation, Appellant,**

v.

**Robert TUREK and Gayle Turek, husband and wife, Happy I. Franklin and Frances Franklin, husband and wife, Joshua N. Kahn and Frances Kahn, husband and wife, and Michael M. Robinson, Appellees.**

No. 12011.

Supreme Court of Arizona, In Division.

March 2, 1976.

Mariscal, Weeks, Lehman & McIntyre, by Phillip Weeks, Phoenix, for appellant.

Shimmel, Hill & Bishop, by James W. Hill and Richard B. Johnson, Phoenix, for appellees Franklin, Kahn and Robinson.

Patrick W. O'Reilly, Phoenix, for appellees Turek.

HOLOHAN, Justice.

Appellant, Banner Realty, Inc., brought an action against appellees Turek for recovery of a real estate commission and against the remaining appellees for interference with contractual relationship. After trial by jury, separate verdicts were rendered in favor of appellant and against appellees Turek for $13,000 and for appellant and against the remaining appellees for $13,000. Appellant filed motions for judgment against the appellees for $26,000

notwithstanding the jury verdicts. The superior court denied the motions and entered judgment for the amount of the verdicts. Appellant and appellees all filed notices of appeal, but the cross appeals of the appellees have all been dismissed, leaving only the appeal by appellant. We took jurisdiction pursuant to Rule 47(e)(5), 17A A.R.S., Rules of the Supreme Court.

Although the issue of liability was vigorously contested between the parties at trial, the issue of liability is not in contention in this appeal because the cross appeals have been dismissed. The appellant contends that the verdicts of the jury were in error because the jury intended for the appellant to recover the total sum of $26,000, but the jury divided the amount assessing one-half against the appellees Turek and the remaining one-half against the rest of the appellees. Appellant argues that the superior court should have granted its motion for judgment for $26,000 against each and all of the appellees.

The pleadings and the evidence establish that appellant and appellees Turek entered into a listing agreement whereby appellant would be entitled to a commission for the sale of appellees' property based upon the selling price and computed at six percent of the first $100,000 and five percent of the balance. The evidence establishes that the property of appellees Turek was sold for the sum of $500,000. According to the listing agreement the appellant was entitled to a commission of $26,000. The verdict of the jury against appellees Turek was for $13,000.

Unfortunately at the time that the jury verdicts were returned in open court appellant did not move for relief pursuant to Rule 49(c), Rules of Civil Procedure, 16 A.R.S. The appellees maintain that this failure on the part of the appellant is fatal to relief in any form for appellant. Appellant answers that it timely filed a motion for judgment notwithstanding the verdict pursuant to Rule 50(b), Rules of Civil Procedure, 16 A.R.S. which preserves its right to relief.

In addition to the citation of the rule, the appellant has cited *Fornara v. Wolpe*, 26 Ariz. 383, 226 P. 203 (1924), *Kjerschow v. Daggs*, 24 Ariz. 207, 207 P. 1089 (1922) and *Southern Pacific Railroad Co. v. Mitchell*, 80 Ariz. 50, 292 P.2d 827 (1956). We agree that despite the failure to file a motion under Rule 49(c) the appellant was not without relief; further, it was clear that liability had been decided in favor of the appellant, and that the matter of damages on the claim against appellees Turek was a simple matter of arithmetic computation. Once liability was established and the amount of damages was subject to arithmetic computation, any error by the jury in its verdict as to the amount of damages could be corrected by the court to show the proper amount. *Ward v. Johnson*, 72 Ariz. 213, 232 P.2d 960 (1951); *Craviolini v. Scholer & Fuller Associated Architects*, 101 Ariz. 33, 415 P.2d 456 (1966). The record is clear that in order for appellant to recover against appellees Turek such recovery was governed by the contract of the parties. The contract provided the measure of recovery, and the evidence establishes that the amount of the jury's verdict was less than what the appellant was entitled to under the contract. The superior court should have granted the appellant's motion for judgment for the amount to which appellant was entitled, and this failure by the trial court was error.

The appellant's claim for relief against the remaining appellees was based upon the tort of unlawful interference with contract relationships. Restatement of Torts § 766. As previously stated, the jury decided the disputed facts in favor of appellant thus establishing the liability of appellees to respond in damages for their tort. Appellant had offered a proposed instruction to the jury which in effect would have told them that if they found liability that the measure of damage would be $26,000, the amount which the broker would have earned on the sale. The trial court refused to give the instruction submitting instead one in more general terms.

If a purchaser of real estate wilfully acts to induce the seller to breach his contract with the broker, and the seller does in fact breach the contract by not paying the real estate commission, the broker is entitled to damages against the purchasers equal to the amount of the commission. *Mead Corporation v. Mason*, 191 So.2d 592 (Fla.1966); *Spring Company v. Holle*, 78 N.W.2d 315 (Minn.1956). From a review of the evidence we find no justification for the jury's verdict in the lesser sum. The appellant, subsequent to the rendering of the verdict, offered testimony from the foreman of the jury to explain the discrepancy, but we agree with the appellees that this was not proper. Thus, for whatever reason, the jury verdict was for an inadequate amount based upon the evidence. Appellant's motion for judgment in the correct amount should have been granted.

The appellant contends that it is entitled to judgment for $26,000 plus interest from the date the escrow closed and the sale was consummated. It is appellant's position that it would normally have received payment of its commission at least by that date. The record indicates that the date in question is March 1st, 1971. The trial court in the judgment against appellees Turek fixed the March 1st date as that for the commencement of interest, but the trial court used the date of judgment for the running of interest against the remaining appellees. The appellees successfully argued that the judgment against them involved a tort action and the amount was in fact unliquidated.

There is a distinction between uncertainty as to liability as distinguished from uncertainty as to amount of damages. Uncertainty as to liability does not bar recovery of prejudgment interest on a liquidated claim. *Fluor Corp. v. United States ex rel. Mosher Steel Co.*, 405 F.2d 823 (9th Cir. 1969), *cert. denied* 394 U.S. 1014, 89 S.Ct. 1632, 23 L.Ed.2d 40. As pointed out above the amount in issue was a liquidated amount, that is the evidence of damages furnished data which, if believed, makes it

possible to compute the amount of damages with exactness, without relying upon opinion or discretion. *Arizona Title Insurance & T. Co. v. O'Malley Lbr. Co.*, 14 Ariz. App. 486, 484 P.2d 639 (1971); McCormick on Damages § 54. The fact that the claim was based on tort does not prevent the award of prejudgment interest. In the case of a liquidated tort claim prejudgment interest is awardable as a matter of right. *Arizona Title Insurance & T. Co. v. O'Malley Lbr. Co., supra.*

The portion of the judgment of the superior court fixing the sum of damages as $13,000 as to the appellees is reversed, and this cause is remanded to the superior court for entry of judgment against the appellees for the sum of $26,000.00 together with interest from March 1, 1971, and for the fixing of additional attorney's fees for appellant against appellees Turek in conformity with the provisions of the listing agreement providing for attorney's fees for the prevailing party in litigation on the contract.

CAMERON, C. J., and HAYS, J., concurring.