821 P.2d 766

**EMPLOYER'S MUTUAL CASUALTY COMPANY, Plaintiff–Appellee,**

v.

**Robert E. McKEON, an individual, Jay Edward McKeon, and Joan L. McKeon, Defendants–Appellants.**

**No. 1 CA–CV 89–436.**

Court of Appeals of Arizona, Division 1, Department E.

Nov. 26, 1991.

Hofmann, Salcito & Stevens, P.A. by Leroy W. Hofmann, Phoenix, for defendants-appellants.

Jennings, Kepner & Haug by Craig R. Kepner, Michael J. Raymond, Kathleen Coughenour, Phoenix, for plaintiff-appellee.

## OPINION

GRANT, Judge.

Employers Mutual Casualty Company (Employers Mutual) paid Robert E. McKeon, Jay Edward McKeon, and Joan L. McKeon (the McKeons) the limits of the McKeons's insurance policy, less an offset, after the Arizona Supreme Court affirmed a declaration of coverage. The parties contest whether an insured who wins a declaratory judgment regarding coverage is entitled to interest on the amount paid pursuant to the judgment at the legal rate from the date of entry of judgment. The trial court denied the McKeons's motion for summary judgment on this question. We agree that interest should not be awarded to the McKeons, and thus affirm the denial of summary judgment.

### I. FACTS AND PROCEDURAL HISTORY

The underlying facts are undisputed and are set forth in *Employers Mutual Casualty Co. v. McKeon*, 159 Ariz. 111, 765 P.2d 513 (1988). We need not restate them in detail.

A coverage dispute arose between the insurer, Employers Mutual, and the McKeons. On March 28, 1986, Employers Mutual filed a complaint seeking a declaration that its policy did not provide coverage.

The parties filed cross-motions for summary judgment. In June and July, 1986, while these motions were pending, the parties discussed settlement of the damage portion of the McKeons's claim. The settlement was to be effective in the event that final judgment in the declaratory action resulted in the finding that the policy

covered the claim. The letter from the McKeons's attorney to the Employers Mutual attorney said:

> I am asking as a favor that you ask Employers Mutual to reconsider and agree to waive arbitration and pay the policy limits in the event of a *final* judgment favorable to our client on the coverage issue. The 'finality' assumes affirmance on appeal.

(Emphasis in original). The Employers Mutual counsel responded:

> They have agreed to my recommendation that in the event of final judgment on appeal favorable to the insured on the coverage issue, they will not insist upon arbitration, but will pay the policy limits subject to any valid offset or credit if applicable.

In the agreement, as set forth in these letters, the parties agreed to bear their own attorney's fees incurred in the declaratory judgment action; and the McKeons impliedly agreed to waive any bad faith claim against Employers Mutual.

In the judgment filed on September 24, 1986, the trial court found that the policy provided coverage to the full policy limits. That judgment was eventually affirmed by the Arizona Supreme Court. *Employers Mutual Casualty Co. v. McKeon, supra.*

After the supreme court issued its opinion, the McKeons filed a "Motion to Specify Whether Interest Is Due and Payable on This Judgment and for Attorney Fees." Employers Mutual opposed this motion, and on January 10, 1989, the supreme court denied the motion in an order which reads: "ORDERED: Motion to Specify Whether Interest is Due and Payable on This Judgment and for Attorney Fees = DENIED, with each party to bear own fees."

After the supreme court's mandate was filed with the trial court, Employers Mutual paid the McKeons $280,000.00 pursuant to the affirmed judgment and the parties' agreement. The McKeons accepted this amount as partial satisfaction of the judgment and reserved the issue of whether interest was due from the date on which the judgment was entered. The McKeons then filed a motion for summary judgment that asserted they were entitled to interest on the $280,000.00. Employers Mutual opposed the motion, and the trial court denied it. Final judgment was entered, and the McKeons timely filed this appeal of the trial court's denial of their request for interest on the judgment of September 24, 1986.

## II. DISCUSSION

### A. *Standard of Review*

As discussed below, it is well established in Arizona that an award of interest on a liquidated claim is a matter of right and is not discretionary. *See Matter of Estate of Estes*, 134 Ariz. 70, 81, 654 P.2d 4, 15 (App.1982). Thus, whether a party is entitled to such interest is a matter of law. This court is not bound by conclusions of law reached by the trial court. *Cecil Lawter Real E. v. Town & Country Shop.*, 143 Ariz. 527, 533, 694 P.2d 815, 821 (App. 1984).

### B. *Law of the Case*

Employers Mutual argues that the supreme court's denial of the McKeons's motion to specify is the law of the case, serving as a binding determination that interest should not be awarded. This argument is entirely without merit. The "law of the case" doctrine does not apply if the issue in question was not actually decided in the earlier decision. *Lindsey v. University of Arizona*, 157 Ariz. 48, 53, 754 P.2d 1152, 1157 (App.1987). By denying the McKeons's motion without comment, the supreme court merely declined to specify whether interest was due and payable. It did not rule on the merits and, thus, did not preclude the trial court from considering the merits.

### C. *Entitlement to Interest*

We therefore must consider whether the McKeons are entitled to an award of interest on the $280,000.00 payment by Employers Mutual. The McKeons argue that an award of interest on any judgment is mandated by A.R.S. § 44–1201(A). This statute provides:

Interest on any loan, indebtedness, judgment or other obligation shall be at the rate of ten percent per annum, unless a different rate is contracted for in writing, in which event any rate of interest may be agreed to.

From this statute, the McKeons conclude that statutory interest from the date of judgment must be awarded as a matter of right.

Both the supreme court and this court have referred to A.R.S. § 44–1201 as the basis for awarding both prejudgment and judgment interest. *See, e.g., Gulf Homes, Inc. v. Goubeaux*, 136 Ariz. 33, 39, 664 P.2d 183, 189 (1983) ("Interest upon the judgment would be allowed pursuant to A.R.S. § 44–1201, ... to run from the date of judgment"); *Imperial Litho/Graphics v. M.J. Enterprises*, 152 Ariz. 68, 74, 730 P.2d 245, 251 (App.1986) ("Interest on a liquidated debt is due as a matter of right.") (citing A.R.S. § 44–1201). Although neither the supreme court nor this court has squarely defined the scope of § 44–1201(A), we conclude that the statute and cases interpreting it provide a basis upon which an award of interest to the McKeons from the date of judgment may be made.

■ Under Arizona law, prejudgment interest on a liquidated claim is a matter of right and not a matter of discretion. *See, e.g., Atlantic Commission Co. v. Noe*, 47 Ariz. 123, 127, 53 P.2d 1088, 1090 (1936); *Trus Joist Corp. v. Safeco Ins. Co. of America*, 153 Ariz. 95, 109, 735 P.2d 125, 139 (App.1986); *Arizona Title Insurance and T. Co. v. O'Malley Lbr. Co.*, 14 Ariz. App. 486, 496, 484 P.2d 639, 649 (1971). Prejudgment interest is a matter of right on a liquidated claim regardless of whether the claim sounds in contract or in tort. *Fleming v. Pima County*, 141 Ariz. 149, 155, 685 P.2d 1301, 1307 (1984). To define "liquidated," Arizona courts have adopted C. McCormick, *Damages* § 54 (1935), which provides that "[a] claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion." *See Schade v. Diethrich*, 158 Ariz. 1, 14, 760 P.2d 1050, 1063

(1988); *Trus Joist Corp.*, 153 Ariz. at 109, 735 P.2d at 139; *O'Malley Lbr. Co.*, 14 Ariz.App. at 496, 484 P.2d at 649. Moreover, the prevailing party is entitled to recover prejudgment interest on a liquidated claim even if interest is not specifically requested in the complaint. *Civil Rights Div. v. Superior Court*, 146 Ariz. 419, 426, 706 P.2d 745, 752 (App.1985); *O'Malley Lbr. Co.*, 14 Ariz.App. at 495, 484 P.2d at 648.

The McKeons argue that they are entitled to interest on the $280,000 payment from the date of entry of the declaratory judgment by the superior court (i.e., September 24, 1986). They contend that, because prejudgment interest on a liquidated claim is awarded as a matter of right and because their claim became liquidated upon entry of the declaratory judgment by the superior court, interest should be awarded from that date. Their claim became "liquidated" upon entry of the declaratory judgment, they contend, because on that date Employers Mutual became legally obligated to pay "to the full limits of the policy," a sum certain which may be computed without reliance upon opinion or discretion.

■ Employers Mutual argues that the liquidated damages rule may not be applied by this court to entitle the McKeons to an award of interest because the judgment below was a declaratory judgment, not a judgment on damages. The sole issue raised in the declaratory judgment action was whether there was coverage under the insurance policy. Employers Mutual contends that this court therefore lacks the requisite power to render relief to a party which was neither sought nor tried by the trial court. We disagree. In *Heard v. Farmers Insurance Exchange Company*, 17 Ariz.App. 193, 496 P.2d 619 (1972), this court considered a similar appeal from a declaratory judgment action brought by an insurer in order to determine coverage under an insurance policy. That action also was brought pursuant to a settlement agreement between the parties. In *Heard*, this court held that plaintiffs were entitled to interest from the date of the settlement of their tort claims because those claims

had been liquidated by the settlement agreement. *Heard,* 17 Ariz.App. at 198, 496 P.2d at 624. Thus Employers Mutual's argument that interest may not be awarded in a declaratory judgment action fails.

In *Heard,* the claims were clearly liquidated: plaintiff's total damages had been determined in the parties' settlement agreement. *Id.* Thus the claim was liquidated: it could be determined from the evidence with exactness, without reliance upon opinion or discretion. *See Schade,* 158 Ariz. at 14, 760 P.2d at 1063 (1988). In the present case, the agreement, unlike that in *Heard,* does not recite an amount of total damages. However the McKeons agreed that they would settle for the policy limits, subject to any offsets or credits, upon favorable final judgment on appeal. That agreement is sufficient to render the McKeons's claim a liquidated claim, even though Jay McKeon's damages were not computed with exactness.

The general rule in this state is that a good faith dispute over liability does not prevent the award of interest on a liquidated claim. *Fleming,* 141 Ariz. at 155, 685 P.2d at 1307; *Patton v. Mohave County,* 154 Ariz. 168, 173, 741 P.2d 301, 306 (App.1987); *O'Malley Lbr. Co.,* 14 Ariz. App. at 496, 484 P.2d at 649. In this case, however, the agreement that made the claim liquidated also provided that the agreed-upon amount was only payable upon judgment against the insurer, affirmed on appeal. The parties thus essentially agreed that the claim would not become payable unless the Arizona appellate courts ruled in favor of the McKeons. The settlement agreement controls the question of the McKeons's entitlement to interest on the judgment.

The McKeons argue that their claim was liquidated by the declaratory judgment, not by settlement. They maintain that the only agreement they reached with Employers Mutual was their agreement to forego litigating the issue of bad faith in exchange for Employers Mutual's agreement to forego arbitration of damages owed. We disagree. An agreement that liquidates an unliquidated claim is a

compromise and settlement agreement. 15A Am.Jur.2d *Compromise and Settlement* § 14 (1976). The letters between the parties' attorneys in this case liquidated the McKeons's previously unliquidated claim; the letters constituted a settlement agreement. When parties compromise a cause of action, and comply with the terms of the compromise agreement, the agreement is binding and the suit ends. *Aritex Land Co. v. Baker,* 14 Ariz.App. 266, 274, 482 P.2d 875, 883 (1971). In this case, Employers Mutual complied with the parties' agreement by paying the McKeons pursuant to the settlement agreement, thus resolving all claims as to money due.

Although the McKeons properly reserved the question of interest when accepting the settlement, we conclude that the agreement itself is silent on the issue. A settlement agreement should be construed as an ordinary contract. 15A Am. Jur.2d *Compromise and Settlement* § 23. Here, the parties could have negotiated for an award of interest. They did not. We will not interpose such a term in their agreement.

We find support for our position in analogous cases from other jurisdictions. In *Young v. Robin,* 146 Mich.App. 552, 382 N.W.2d 182 (1985), the parties entered into a settlement agreement that did not mention interest, and the court subsequently entered a consent judgment consistent with the settlement agreement. The appeals court held that the trial judge correctly refused to later award prejudgment interest. Similarly, in *Martinez v. Jesik,* 703 P.2d 638 (Colo.App.1985), the plaintiffs settled with one of two defendants prior to trial. The settlement amount was paid before trial, and the claim against the settling party was dismissed. The plaintiffs subsequently sought prejudgment interest on the total damages assessed at trial, including prejudgment interest on the amount of damages already paid on the settlement agreement. The court held that the plaintiffs, by voluntarily settling and relinquishing their claim against the settling party, gave up their right to interest on the settlement amount in exchange for the certainty

of the settlement. *Id.* at 640. Finally, in *Herron v. City of Chicago*, 618 F.Supp. 1405 (D.C.Ill.1985), the parties agreed to a settlement amount that explicitly included attorney's fees, and the settlement agreement was entered into the record. Certain plaintiffs then sought to amend the complaint to conform to proof presented at trial so that they could assert a claim for additional attorney's fees. The court held that the settlement agreement encompassed the complete agreement of the parties, including attorney's fees, and that no further fees were contemplated or would be awarded.

The McKeons distinguish these cases on the ground that they dealt with settlement agreements, and that no settlement on damages was contemplated in this case. We disagree. Although each case presents facts that somewhat differ from those in this case, each nonetheless holds that a court should not expand a settlement agreement beyond its intended scope. Here, the parties could have negotiated interest payments, but failed to do so. We decline to expand the parties' negotiated settlement beyond its intended scope.

### III. CONCLUSION

The settlement agreement precludes the McKeons from recovering interest on the amount collected from Employers Mutual. The trial court's judgment denying the McKeons an award of interest is affirmed.

VOSS, P.J., and FIDEL, J., concur.