919 P.2d 176

ALTA VISTA PLAZA, LTD., a California Limited Partnership, dba Alta Vista Plaza Limited Partnership; Wausau Insurance Companies, a Wisconsin corporation, as subrogee, Plaintiffs/Appellees/Cross–Appellants,

v.

INSULATION SPECIALISTS COMPANY, INC., an Arizona corporation; William Mayfield and Jane Doe Mayfield, husband and wife, Defendants/Appellants/Cross–Appellees.

No. 2 CA–CV 95–0117.

Court of Appeals of Arizona,
Division 2,
Department B.

Oct. 10, 1995.

Review and Cross–Petition for Review Granted July 2, 1996.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by George H. Mitchell and Christopher Robbins, Phoenix, for Plaintiffs/Appellees/Cross–Appellants.

Holloway Odegard & Sweeney, P.C. by Paul W. Holloway and Kevin B. Sweeney, Phoenix, for Defendants/Appellants/Cross–Appellees.

## OPINION

DRUKE, Chief Judge.

■ The only issue defendants/appellants raise in this appeal is whether plaintiffs/appellees were entitled to an award of prejudgment interest on fire damages caused by defendants' negligence. Plaintiffs cross-appeal claiming that the amount of prejudgment interest awarded should have been greater. Because the award of prejudgment interest involves a matter of law, our review is *de novo. Employers Mut. Casualty Co. v. McKeon*, 170 Ariz. 75, 821 P.2d 766 (App. 1991). We affirm.

On May 9, 1990, fire damaged a supermarket and various stores in a Phoenix shopping center. On May 6, 1991, plaintiffs' counsel sent a letter to defendants' insurance carrier claiming that the fire was due solely to defendants' negligence and demanded payment of damages totaling $918,000. The letter also stated that "[t]he offer to settle is open until May 21, 1991," and further advised that "because the damages in this case are liquidated, the court will be required to award prejudgment interest as part of any judgment against your insured." When defendants neither paid nor offered to pay all or any part of the amount demanded, plaintiffs filed suit. The case proceeded to trial, with the jury awarding damages of $835,927.[1]

Plaintiffs submitted a form of judgment to the court in which they sought prejudgment interest on the jury's award from the date of loss. Defendants objected on two grounds: First, that prejudgment interest could not be awarded from the date of loss, only from the date of demand, and second, that plaintiffs' damages were unliquidated on the date of demand because the amount demanded was greater than the amount awarded. Plaintiffs responded that a demand was unnecessary because the damages were liquidated on the date of loss and, even if they were not, they became liquidated when demand was made because the total amount demanded included the damages awarded by the jury. Specifically, plaintiffs asserted that even though the

total demand of $918,000 was not itemized, it included the following individual damage claims which, when totaled, equal the amount the jury awarded:

| | |
|---|---:|
| Supermarket repair | $747,602 |
| Western store repair | 41,901 |
| Drug store repair | 10,067 |
| Architect fees | 36,357 |
| Total | $835,927 |

The trial court ruled that the damage claims "remained unliquidated until the [date] actual amounts for cost of repair, architectural services and loss of use were provided defendants," awarding prejudgment interest on each claim from that date to the date of judgment.

■ Prejudgment interest is awarded as a matter of right on a liquidated claim, whether based on contract or tort. *Fleming v. Pima County*, 141 Ariz. 149, 685 P.2d 1301 (1984); *Banner Realty v. Turek*, 113 Ariz. 62, 546 P.2d 798 (1976). " 'A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion.' " *Arizona Title Ins. & Trust Co. v. O'Malley Lumber Co.*, 14 Ariz. App. 486, 496, 484 P.2d 639, 649 (1971) quoting Charles T. McCormick, *Law of Damages* § 54, at 213 (1935). *See also Banner Realty; Lake Havasu Community Hosp., Inc. v. Arizona Title Ins. & Trust Co.*, 141 Ariz. 363, 687 P.2d 371 (App.1984), *overruled on other grounds by Barmat v. John and Jane Doe Partners A–D*, 155 Ariz. 519, 747 P.2d 1218 (1987); 1 Dan B. Dobbs, *Law of Remedies* § 3.6(1), at 337 (2d ed. 1993) (prejudgment interest permitted if damages "can be ascertained by application of arithmetic or by the application of 'accepted standards of valuation,' without reliance on opinion or discretion."). Examples of liquidated claims are paychecks, *Fleming*, real estate commissions, *Banner Realty*, insurance policy limits, *Lake Havasu Community Hosp., Inc.*, and cost-plus claims, *Fairway Builders, Inc. v. Malouf Towers Rental Co., Inc.*, 124 Ariz. 242, 603 P.2d 513 (App.1979). *See also* McCormick, *supra*, § 54. Examples of unliquidated

---

1. By stipulation, $51,696.55, plus prejudgment interest on a portion of that amount, was added to the jury award and is uncontested on appeal.

claims are attorney's fees, *Schwartz v. Schwerin,* 85 Ariz. 242, 336 P.2d 144 (1959), benefit-of-the-bargain damages, *Marcus v. Fox,* 150 Ariz. 342, 723 P.2d 691 (App.1985), *vacated in part by* 150 Ariz. 333, 723 P.2d 682 (1986), punitive damages, *Lake Havasu Community Hosp., Inc.,* and the reasonable value of landlord improvements, *Trollope v. Koerner,* 21 Ariz.App. 43, 515 P.2d 340 (1973). *See also* McCormick, *supra,* § 57.

██ The record establishes that plaintiffs' repair costs and architect fees were ascertainable by accepted standards of valuation. We therefore conclude that plaintiffs' tort claim against defendants was a liquidated claim entitling plaintiffs to an award of prejudgment interest, notwithstanding the fact that the case had to be tried. As Division One of this court stated in *Trus Joist Corp. v. Safeco Ins. Co. of America,* 153 Ariz. 95, 109, 735 P.2d 125, 139 (App.1986): "A claim is not considered unliquidated merely because the jury must find certain facts in favor of the plaintiff in order to determine the amount of damages. All that is necessary is that the evidence furnish data which, *if believed,* makes it possible to compute the amount with exactness." *See also Fleming,* 141 Ariz. at 155, 685 P.2d at 1307 ("A good faith dispute over liability will not defeat a recovery of prejudgment interest on a liquidated claim."); *Banner Realty,* 113 Ariz. at 64, 546 P.2d at 800 ("Uncertainty as to liability does not bar recovery of prejudgment interest on a liquidated claim."). Professor McCormick summarizes the rule as follows:

> [T]he sum is still "liquidated" according to what is believed to be the better view, although the sum is not fixed by agreement and although the facts upon which the claim is based may be disputed, and even though the adversary successfully challenges the amount and succeeds in reducing it.

McCormick, *supra,* § 54, at 216. Thus, it matters not that defendants disputed plaintiffs' claim or successfully reduced the amount of damages; plaintiffs are entitled to prejudgment interest from the date it first accrues.

██ In Arizona, prejudgment interest generally accrues from the date of demand, not from the date of loss as plaintiffs contend in their cross-appeal. *Rawlings v. Apodaca,* 151 Ariz. 180, 726 P.2d 596 (App.1985), *vacated in part on other grounds,* 151 Ariz. 149, 726 P.2d 565 (1986) (prejudgment interest does not accrue before demand for a sum certain is made); *Fairway Builders, Inc.,* 124 Ariz. at 264–65, 603 P.2d at 535–36 (where no definite time for payment is stated, prejudgment interest cannot be awarded for any period prior to initial demand for payment). Demand can be made by filing a complaint, *Rawlings,* or, as in this case, by demanding payment. *Lake Havasu Community Hosp., Inc.* As noted above, however, plaintiffs' demand letter simply demanded payment of $918,000, without itemizing the damages claimed. Under such circumstances, Division One of this court has held that prejudgment interest does not accrue until "sufficient information and supporting data [is provided] so as to enable the debtor to ascertain the amount owed." *Homes & Son Constr. Co., Inc. v. Bolo Corp.,* 22 Ariz. App. 303, 306, 526 P.2d 1258, 1261 (1974). As the court explained, this enables the debtor "to stop interest accruing on the amount he contends is due by making and keeping good an unconditional tender of the amount he contends is owing." *Id.* (citation omitted). *See also Trus Joist Corp.* Here, the trial court found, from information supplied by the parties, that plaintiffs had provided such information on the individual damage claims on the following dates:

> Supermarket repair . . . . . 5/20/1992
> Western store repair . . . . 3/09/1993
> Drug store repair . . . . . . . 3/09/1993
> Architect fees . . . . . . . . . . 2/24/1994

Accordingly, the court properly awarded plaintiffs prejudgment interest on each damage claim from the date indicated to the date of judgment.

Defendants contend, however, that this result is contrary to our decision in *Marcus.* There we vacated an award of prejudgment interest on out-of-pocket expenses awarded by a jury because the plaintiff had failed to put the defendants on notice that payment of those expenses would settle the claim. Relying on this, defendants in the instant case argue that such settlement notice is neces-

sary before prejudgment interest can be awarded. We disagree. As previously noted, the claim in *Marcus* was unliquidated, which in itself precluded an award of prejudgment interest. It is thus inapposite to a case such as this in which the claim is liquidated. Moreover, our conclusion in *Marcus* is consistent with *Homes & Son Constr. Co., Inc.*, because a settlement notice necessarily provides enough information from which the debtor can determine the amount owed. It is not, however, the only means of providing that information, *see Trus Joist Corp.*, and any suggestion in *Marcus* to the contrary is disapproved.

For the foregoing reasons, the judgment awarding plaintiffs prejudgment interest from the dates and for the damages set forth therein is affirmed.

ESPINOSA, P.J., and HATHAWAY, J., concur.