228 P.3d 895

**PRECISION HEAVY HAUL, INC. an Arizona corporation, Plaintiff–Appellant–Cross–Appellee,**

v.

**TRAIL KING INDUSTRIES, INC. a foreign corporation; Carlisle Companies, Inc. a foreign corporation, Defendants–Appellees–Cross–Appellants.**

No. 1 CA–CV 08–0107.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 20, 2010.

See also, 2010 WL 1609797.

Shorall, McGoldrick, Brinkman P.C. by Thomas J. Shorall, Jr., Scott M. Zerlaut, Phoenix, Attorneys for Precision Heavy Haul, Inc.

Renaud, Cook, Drury & Mesaros, P.A. by John A. Klecan, J. Scott Conlon, Kevin R.

Myer, Phoenix, Attorneys for Trail King Industries and Carlisle Companies, Inc.

## OPINION

WEISBERG, Judge.

¶ 1 Precision Heavy Haul, Inc. ("Precision") appeals from the trial court's denial of prejudgment interest on a judgment in Precision's favor following a jury trial. The trial court ruled that because the defendant, Trail King Industries, Inc. ("Trail King"), had raised comparative fault as a defense, Precision's claim was for an unliquidated sum and not subject to prejudgment interest. In a separate unpublished memorandum decision, we address and affirm as to all issues raised in Trail King's cross-appeal, which challenges the admission of expert testimony on Precision's behalf as well as the process for selecting jury pools in Maricopa County superior courts. For reasons that follow, however, we reverse the ruling denying prejudgment interest and remand for further proceedings.

## BACKGROUND

¶ 2 Precision filed suit against Trail King and Carlisle Companies, Inc., alleging that Trail King had manufactured and sold to Precision a trailer for transporting heavy loads, that the trailer's negligent design and manufacture caused it to fail, and that in doing so, the trailer and the energy transformer being transported on it were damaged. Precision alleged claims of negligence, strict liability, and breach of warranty. Trail King's answer asserted that Precision had negligently used or altered the trailer and that its damages "were caused or contributed to by [Precision's] own comparative negligence or assumption or [sic] risk which bar[red] or reduce[d] on a comparative basis" its claims.

¶ 3 At trial, Precision's owner testified that his company had incurred $694,550.87 in damages and offered testimony by two experts concerning the cause of the accident that damaged the transformer. The jury returned a verdict finding Trail King 100% at fault and awarding $694,550.87 in damages to Precision. The sole issue raised by Precision's appeal is the court's denial of prejudg-

ment interest. We have jurisdiction of the appeal pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (2003).

## DISCUSSION

### Denial of Prejudgment Interest

¶ 4 A party's entitlement to prejudgment interest presents a question of law for our *de novo* review. *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 508, 917 P.2d 222, 237 (1996); *Alta Vista Plaza, Ltd. v. Insul. Specs. Co., Inc.*, 186 Ariz. 81, 82, 919 P.2d 176, 177 (App.1995); *Employer's Mut. Cas. Co. v. McKeon*, 170 Ariz. 75, 77, 821 P.2d 766, 768 (App.1991). In addition, a party with a liquidated claim is entitled to prejudgment interest as a matter of right and is so entitled whether "the claim sounds in contract or in tort." *Employer's Mut. Ins. Co.*, 170 Ariz. at 78, 821 P.2d at 769 (citation omitted).

¶ 5 An exhibit summarizing Precision's damages was admitted at trial. The listed damages were: rigging and crew expenses in the amount of $28,590.00; crane and salvage crew expenses in the amount of $14,768.02; payment to Precision's customer for damages to the energy transformer in the amount of $495,000.00; and funds owed to Precision but set off by its customer in the amount of $156,192.85. These requested damages totaled $694,550.87. At trial, Trail King ultimately did not challenge the accuracy of the total damages. Instead, it denied any negligence but asked, if found negligent, that the jury attribute a percentage of comparative fault to Precision, thereby reducing its own liability.

¶ 6 Rejecting any attribution of fault to Precision, the jury returned a verdict finding Trail King 100% at fault and awarding Precision damages in the exact amount requested. Precision then moved for a determination of its right to prejudgment interest. It argued that a claim is liquidated "if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion." *Employers Mut. Cas. Co.*, 170 Ariz. at 78, 821 P.2d at 769. Because its damages could be precisely calculated by "simple com-

putation," Precision sought prejudgment interest from the date of the accident, i.e., when it became obligated to pay its customer for the damaged transformer. Precision also asserted that although the expenses for crews, hotels, meals, and equipment rental occurred over time, the final expenses had been incurred by January 22, 2001 and thus that these damages, which totaled $43,358.02, should accrue interest as of that date. It requested a total of $365,936.97 in prejudgment interest.

¶ 7 Trail King objected, arguing that when a jury must exercise its discretion to apportion fault, the claim is not liquidated. Without Arizona precedent on point, it cited a South Dakota case in which the supreme court there upheld the denial of prejudgment interest in a construction defect case in which the plaintiff was found to be thirty percent at fault.[1] *S. Dakota Bldg. Auth. v. Geiger–Berger Assoc.*, 414 N.W.2d 15, 17, 20 (S.D. 1987). That court held that although the plaintiff's "loss became liquidated upon receiving the billing for the repairs, and upon paying for such repairs," *id.* at 20, prejudgment interest could not accrue because the defendants could not know what portion of the damages they would have to pay until the jury had allocated fault among the parties. *Id.* at 22.

¶ 8 Trail King also relied upon *Wisper Corp. N.V. v. California Commerce Bank*, 49 Cal.App.4th 948, 57 Cal.Rptr.2d 141 (1996), which interpreted a statute identical to that of South Dakota. Because the jury had found the plaintiff to be seventy-five percent at fault and therefore had awarded "a mere

25 percent of its claimed damages," *id.* at 149, the court reasoned that the "large discrepancy" between the amount sought and the amount awarded militated against finding that the plaintiff's damages were sufficiently "certain" for purposes of prejudgment interest.[2] *Id.* at 148.

¶ 9 Trail King also argued that because Precision's damages included a number of "estimated and indefinite" items subject to jury scrutiny for reasonableness and causation, the damages were unliquidated. Precision, of course, disagreed and replied that any uncertainty over *liability* for the accident should not bar prejudgment interest if the amount of damages was certain, citing *Banner Realty, Inc. v. Turek*, 113 Ariz. 62, 64, 546 P.2d 798, 800 (1976). It argued that at the very least its damages were liquidated on the day it paid the transformer's owner for the damages to the transformer.

¶ 10 The trial court acknowledged differing approaches taken by our sister states in cases involving comparative fault but found *Wisper* persuasive[3] and concluded that because "the jury was charged with deciding comparative fault in a manner that made Plaintiff's damages wholly dependent upon that sliding scale ... the award [was] unliquidated." Thus, because of the comparative negligence defense, the court awarded interest on Precision's damages only from the date of the verdict.

¶ 11 Although the impact of comparative negligence upon liquidated damages is a novel issue in Arizona, our case law has established that uncertainty about a defendant's liability, even when a trial is necessary

---

1. The statute at issue provided: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day...."

2. In a dissenting opinion, Judge McDonald doubted the wisdom of a focus on the gap between damages sought and damages won as a "slippery slope" and noted that in this case, the damages were certain and the real dispute was how to allocate fault among the parties. *Id.* at 150–51, 919 P.2d 176 (McDonald, J., dissenting).

3. Although we disagree with the outcome in *Wisper*, we agree with many of the fundamental

principles expressed. The court noted that a defendant's "denial of liability [did] not make damages uncertain." *Id.* at 146. Instead, damages were certain if the parties' dispute centered on liability rather than on the basis for computing damages. *Id.* The court accepted that prejudgment interest is to make the injured party whole and to compensate "for the accrual of wealth that could have been produced during the period of loss." *Id.* at 148. It cited prior cases that had held if the amount of damage required "a judicial determination based upon conflicting evidence and [was] not ascertainable from truthful data supplied by the claimant to his debtor," *id.*, the plaintiff was not entitled to prejudgment interest. *Id.*

to establish the extent of liability for the plaintiff's damages, does not preclude such a plaintiff from receiving prejudgment interest. For example, in a legal malpractice action, we upheld an award of prejudgment interest to a successful plaintiff that had suffered an adverse judgment in underlying litigation. *Hyatt Regency Phoenix Hotel Co. v. Winston & Strawn*, 184 Ariz. 120, 138, 907 P.2d 506, 524 (App.1995). The defendant law firm argued that the malpractice claim was not liquidated because the jury had the option to find the firm not liable for all of the damages. We held that even if the extent of liability was in dispute, "the *amount* of those damages was not." *Id.* The verdict comprised the exact amounts of the plaintiff's attorneys' fees and the underlying adverse judgment, and once the jury found that the defendant had caused those losses, the amount of its liability was deemed to have been certain. *Id.*

¶ 12 We reached a similar result in *Alta Vista Plaza*, 186 Ariz. at 82, 919 P.2d at 177. There the plaintiffs demanded $918,000.00 from the defendants' insurer for fire damage to several stores in a shopping center and later filed suit for negligence. *Id.* The jury awarded $835,927.00 in damages. *Id.* By stipulation, the court increased the award by $51,696.55 (as well as prejudgment interest on this additional amount). *Id.* at n. 1. When the plaintiffs sought prejudgment interest on the jury's award from the date of the loss, the defendants claimed that interest could not accrue before the date of demand for the losses suffered and that the claim was unliquidated on the date of demand because the amount demanded was greater than the amount awarded by the jury. *Id.* The trial court, however, concluded that each component of demanded damages became liquidated as the plaintiffs notified the defendants of the specific repair cost for each store. *Id.*

¶ 13 On appeal, we held that because the "repair costs and architect's fees were readily ascertainable by accepted standards of valuation," the tort claim was liquidated for purposes of prejudgment interest even though "the case had to be tried." *Id.* at 83, 919 P.2d at 178. We noted that although a jury may have to make factual findings in a

plaintiff's favor in order to determine the *amount* of damages, as long as "the evidence furnish data which, *if believed,* makes it possible to compute the amount with exactness," the claim is liquidated. *Id. See also Fleming v. Pima County*, 141 Ariz. 149, 156, 685 P.2d 1301, 1308 (1984) (wrongfully discharged employee was entitled to prejudgment interest on each paycheck as it came due, even if employer disputed its liability); *Homes & Son Const. Co., Inc. v. Bolo Corp.*, 22 Ariz. App. 303, 306, 526 P.2d 1258, 1261 (1974) ("Mere differences of opinion as to the amount due" under a contract will not preclude pre-judgment interest.); *cf. Pueblo Santa Fe Townhomes Owner's Ass'n v. Transcont'l Ins. Co.*, 218 Ariz. 13, 24–25, ¶¶ 49–51, 178 P.3d 485, 496–97 (App.2008) (*Morris* agreement between insured and claimant does not bind insurer unless and until a court finds the agreement reasonable and prudent; even if the parties have agreed to a sum certain, the settlement amount is not liquidated until the court issues a ruling and prejudgment interest does not accrue until that time).

¶ 14 In the instant case, although Trail King hotly disputed the extent of its liability for Precision's damages, the amount of damages Precision had suffered easily could be calculated from the uncontested evidence. The various amounts paid to its client and crew were known, provided to Trail King, and not challenged. The primary issue was not whether Precision had been damaged or in what amount, but what percentage of the damages Trail King would have to pay. Given that the jury awarded Precision the entire amount of damages sought, only an award of prejudgment interest on those damages will make Precision whole. *See id.,* 218 Ariz. at 24, ¶ 48, 178 P.3d at 496 at ¶ 48 ("Prejudgment interest accrues from the date damages are liquidated 'as compensation for the detention of the money from the judgment creditor.' " (citation omitted)).

¶ 15 Our analysis is similar to the Ninth Circuit's view of California law regarding a plaintiff's entitlement to prejudgment interest. The court held that "damages are considered certain or capable of being made

certain when the parties do not seriously dispute 'the basis of computation of damages if any are recoverable'" but instead primarily dispute liability. *Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 64 F.3d 1282, 1291 (9th Cir.1995). There, an insurer did not challenge the accuracy of the insured's data on damages but instead contended that damages were uncertain until the district court allocated them between the parties. The court stated that "the fact that [the insurer] disputed the issue of *coverage* does not affect the certainty of [the plaintiff's] *damages.*" *Id.* at 1292. Furthermore, even though the district court had found that certain minor expenses were not covered by the policy, that "did not in itself make the amount of damages uncertain." *Id.* The insured had provided sufficient data, not substantially disputed, from which its losses could be ascertained. *Id.*

¶ 16 In addition, the Ninth Circuit cited with approval *E.L. White, Inc. v. City of Huntington Beach,* 138 Cal.App.3d 366, 187 Cal.Rptr. 879, 887 (1982), an indemnity action in which a party argued that recovery was uncertain until the trial court had made comparative fault findings. *Safeway Stores, Inc.,* 64 F.3d at 1291. Because the California Supreme Court had held that an indemnity claim "was certain in amount from the date the underlying judgments were satisfied, but was subject to a possible reduction," a possible or actual reduction would not render the damages uncertain. *Id.* at 1291–92. The court distinguished this situation from a case in which the determination of damages required consideration of "conflicting evidence and [was] not ascertainable from truthful data supplied by the claimant." *Id.* (citation omitted).

¶ 17 Here, several of the damage components claimed by Precision were capable of straightforward calculation, which Trail King did not challenge. Therefore, Precision was entitled to prejudgment interest on those components. Interest generally is calculated "from the date the claim becomes due" or a party becomes obligated to pay. *Gemstar Ltd.,* 185 Ariz. at 508–09, 917 P.2d at 237–38. Thus, we reverse the judgment denying Precision any prejudgment interest and remand for revision of the judgment to include interest on the claim for damages to the transformer from the date on which Precision settled with the transformer owner. The judgment also should include interest on the claim for crew, rigging, and salvage expenses from the last date on which those damages accrued. *See Alta Vista Plaza, Ltd.,* 186 Ariz. at 83–84, 919 P.2d at 178–79 (affirming accrual of prejudgment interest on differing dates depending on when the damage became certain).

¶ 18 We also note that a defendant's general attack on the reasonableness of a plaintiff's claimed damages does not necessarily thereby render those damages unliquidated. Here, Trail King focused its reasonableness challenge on the $156,192.87 which Precision said was set off by its customer. When the superior court ruled that, because the jury had to apportion fault, Precision's entire claim was unliquidated, the court did not address whether Trail King's challenge of the reasonableness of the customer setoff portion of the damages rendered that portion unliquidated. Thus, we also remand to the superior court the resolution of that question.

¶ 19 For the foregoing reasons, we reverse the superior court's denial of prejudgment interest to Precision on the amounts awarded for damages to the transformer as well as for crew, rigging, and salvage expenses. We also remand the issue of whether Trail King's challenge of the reasonableness of the customer setoff portion of the judgment rendered that portion unliquidated. We award Precision, as the prevailing party, its costs on appeal. A.R.S. § 12–341 (2003).

CONCURRING: PATRICIA K. NORRIS, Presiding Judge and JOHN C. GEMMILL, Judge.