**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CUSTOM HOMES BY VIA, LLC, an Arizona limited liability company and NORTHGATE, LLC, an Arizona limited liability company, | No. 14-15011 |
| Plaintiffs - Appellees, | D.C. No. 2:12-cv-01017-FJM |
| v. | MEMORANDUM* |
| BANK OF OKLAHOMA, NA, an Oklahoma corporation, | |
| Defendant - Appellant. | |

| | |
|---|---|
| CUSTOM HOMES BY VIA, LLC, an Arizona limited liability company and NORTHGATE, LLC, an Arizona limited liability company, | No. 14-15107 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-01017-FJM |
| v. | |
| BANK OF OKLAHOMA, NA, an Oklahoma corporation, | |
| Defendant - Appellee. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| CUSTOM HOMES BY VIA, LLC, an Arizona limited liability company and NORTHGATE, LLC, an Arizona limited liability company, Plaintiffs - Appellees, v. BANK OF OKLAHOMA, NA, an Oklahoma corporation, Defendant - Appellant. | No. 14-16209 D.C. No. 2:12-cv-01017-FJM |
| --- | --- |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted February 11, 2016
San Francisco, California

Before: SILVERMAN, FISHER, and TALLMAN, Circuit Judges.

Defendant Bank of Oklahoma, N.A. ("Bank") appeals and Plaintiffs Custom Homes by Via, LLC ("Custom Homes") and Northgate, LLC ("Northgate") cross-appeal, from the judgment following a bench trial in this diversity action involving a loan agreement. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The Bank first challenges the district court's order granting Custom Homes's motion, made in the middle of the bench trial, to add Northgate as a

plaintiff. We review for an abuse of discretion. *See Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015). Federal Rule of Civil Procedure 21 expressly provides that a district court may "at any time" add or drop a party. *See* Fed. R. Civ. P. 21. Given the relationship between the Plaintiffs, the identity of their claims, and the lack of any cognizable prejudice to the Bank, the district court did not abuse its discretion in adding Northgate as a plaintiff. *See Pan Am. World Airways, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Calif.*, 523 F.2d 1073, 1079-80 (9th Cir. 1975) (applying Federal Rule of Civil Procedure 20's substantive standard in the context of Rule 21).

2. The Bank next challenges the district court's factual finding that the Bank's breach of the loan agreement was a substantial contributing factor to Plaintiffs' damages. We review a district court's factual findings following a bench trial for clear error. *See Oberson v. U.S. Dep't of Agric.*, 514 F.3d 989, 1000 (9th Cir. 2008) ("We review a district court's findings of both cause-in-fact and proximate cause for clear error."). The district court did not clearly err in finding that the Bank's breach of the loan agreement was a substantial contributing factor in the Plaintiffs losing the Enclave development and, as a result of that loss, losing their collateral property.

3. The Bank argues that the district court erred in (1) failing to offset the Plaintiffs' damages award by their loan obligation to the Bank and (2) including the loan fees and interest paid by Plaintiffs under the loan agreement in the damages award. The district court did not err in declining the Bank's request for an offset because the Bank's failure to fully perform under the loan agreement rendered the funds it had disbursed to Plaintiffs worthless. The loan fees and interest paid by Plaintiffs under the loan agreement were properly included in the damages award as Plaintiffs sought reliance damages. *See* Restatement (Second) of Contracts § 344(b) (defining a party's reliance interest as the "interest in being reimbursed for loss caused by reliance on the contract by being put in as good a position as he would have been in had the contract not been made").

4. Finally, the Bank argues that the district court erred by awarding Plaintiffs prejudgment interest. We review the district court's decision to award prejudgment interest under state law for an abuse of discretion. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1020 (9th Cir. 2003). The district court did not abuse its discretion in awarding Plaintiffs prejudgment interest as the Plaintiffs were entitled to such interest under Arizona law as a matter of right. *See Precision Heavy Haul, Inc. v. Trail King Indus., Inc.*, 228 P.3d 895, 896 (Ariz. Ct. App. 2010) (under Arizona law a "party with a liquidated claim is

4

entitled to prejudgment interest as a matter of right"); *see also John C. Lincoln Hosp. & Health Corp. v. Maricopa Cty.*, 96 P.3d 530, 542 (Ariz. Ct. App. 2004) ("A claim is liquidated if the plaintiff provides a basis for precisely calculating the amounts owed.").

5.      In their cross-appeal, the Plaintiffs contend that the district court erred in granting the Bank summary judgment on their wrongful foreclosure claim. We review de novo. *See Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). The district court properly granted the Bank summary judgment as to the Plaintiffs' wrongful foreclosure claim because Plaintiffs failed to obtain an injunction preventing the trustee's sale. *See* A.R.S. § 33-811(C); *see also Morgan AZ Fin., LLC v. Gotses*, 326 P.3d 288, 290-91 (Ariz. Ct. App. 2014) ("[A] trustor who fails to enjoin a trustee's sale waives his claims to title of the property upon the sale's completion . . . and also waives any claims that are dependent on the sale.").

We deny both parties' requests under A.R.S. § 12-341.01 for attorney's fees on appeal because success on appeal was shared. *See Huey v. Honeywell, Inc.*, 82 F.3d 327, 334 (9th Cir. 1996). The parties shall bear their own costs on appeal.

**AFFIRMED**.

5