261 P.3d 784

Frederick C. BERRY, Jr. and Carolyne W. Berry, Trustees under The Berry Family Trust Agreement, dated August 2, 1991, Plaintiffs–Counter–defendants–Appellants,

v.

352 E. VIRGINIA, L.L.C., Defendant–Counter–claimant–Appellee.

No. 1 CA–CV 09–0630.

Court of Appeals of Arizona, Division 1, Department E.

Oct. 6, 2011.

Schneider & Onofry, P.C. by Charles D. Onofry, Luane Rosen, Phoenix, Attorneys for Appellants.

Law Offices of Charles Carson, by Charles T. Carson, Phoenix, Attorneys for Appellee.

## OPINION

WEISBERG, Judge.[*]

¶1 Frederick C. Berry, Jr. and Carolyne W. Berry, as Trustees of a family trust (hereinafter "Berry"), filed suit against 352 E. Virginia, L.L.C. (hereinafter "352") for breach of an agreement[1] for Berry to sell an office building to 352. Both sides submitted offers of judgment prior to trial. At trial, the jury awarded 352 the sum of $8,625 on 352's first counterclaim but rejected 352's second counterclaim. Both sides requested attorneys' fees, costs, and sanctions. The superior court found that 352 was the prevailing party in the litigation for purposes of Arizona Revised Statutes ("A.R.S.") section 12–341.01 (2003) and granted a partial award of attorneys' fees in the amount of $50,000 as well as taxable costs of $3,617.70 and $1,854.84 in sanctions under Arizona Rule of Civil Procedure 68.

¶2 For reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

## BACKGROUND

¶3 In April 2005, Berry agreed to sell an office building to 352 for $1 million. The sales agreement contained warranties that all mechanical systems would be in working order and "no material defects" existed, and provided that the warranties "survive the closing of this transaction." Otherwise, the property was being sold "as is." Also, if the transaction gave rise to litigation, "the prevailing party shall be entitled to recover actual court costs, actual expenses and reasonable attorneys' fees."

¶4 352 had the property inspected, including the air conditioning system ("HVAC"), and received a detailed report. The parties agreed to replace a staircase, and in June 2005, Thomas Stoops, on 352's behalf, informed Berry of a "tentative estimate" of $12,000 to $15,000 to do so. Berry acknowledged the "unofficial" estimate, and the parties revised the purchase agreement to state:

"Seller shall pay for one half of the cost of remodeling the exterior staircase up to a maximum of $10,000.00. If remodel is done after close of escrow, a hold back of Seller's funds will occur in this amount." The parties similarly amended the escrow instructions to provide that 352 would "deliver ... copies of the invoices for the work done," and the escrow company then would "release funds equal to one half of the actual reconstruction costs up to a maximum of the entire $10,000.00."

¶5 In March 2006, 352 hired Stanley Runnels, a general contractor, who agreed to replace the staircase for $14,650. Stoops sent Runnels' bid to Berry and noted that each party's share of the cost would be $7,325. In June, Stoops informed Berry of additional items that increased the staircase replacement cost to $17,250. Stoops requested disbursements of $8,625 to 352 and of the remaining funds to Berry.

¶6 Berry suspected, however, that 352 was attempting to recoup costs of remodeling elsewhere in the building and asked for receipts and an itemization. Stoops sent Runnels' bid and a list of related costs that totaled $17,250. Berry next asked for "backup" for Runnels' fee and offered to pay less than the amount requested by 352.

¶7 In July 2006, 352 submitted invoices to the title company supporting its entitlement to a $8,625 distribution, but Berry instructed the title company to disburse $5,838 to himself and only $4,162 to 352. He later agreed to accept $4,494 and to allow 352 a $5,506 distribution. In August 2006, Stoops offered to accept $6,500 to resolve the dispute. Instead, in October, Berry informed Stoops that he would file suit "to get down to the bottom of this through discovery." In response, Stoops suggested that they arbitrate the matter but said that if Berry refused, 352 would file a counterclaim based upon Berry's nondisclosure of material facts about the HVAC system.

---

[*] Pursuant to Article VI, Section 3 of the Arizona Constitution, the Arizona Supreme Court allowed the Honorable Sheldon H. Weisberg, Retired Judge of the Arizona Court of Appeals, Division One, to continue in this matter.

1. In his opening brief, Berry states that "[a]lthough denominated as a breach of contract claim, [his] complaint was really [for] an accounting," which was resolved by the jury's verdict.

¶ 8 Berry filed suit for breach of contract and sought attorneys' fees pursuant to A.R.S. § 12–341.01. 352 answered, also sought attorneys' fees pursuant to § 12–341.01, and ultimately asserted counterclaims seeking $8,625 from the escrow account and $42,000 for Berry's breach of warranty on the HVAC system.

¶ 9 In May 2007, Berry and Stoops instructed the title company to release $6,225 to 352, and although in July Berry offered to accept $3,275 in settlement, the case proceeded to arbitration. After an award in 352's favor,[2] Berry appealed and requested a jury trial. In February 2008, Berry offered 352 the additional sum of $2,400 from the escrow account, which represented a total offer of $8,625. 352 did not accept. In April 2008, 352 offered to accept the sum of $25,000 to settle the case, but Berry did not accept.

¶ 10 At trial, Berry, Stoops, and Runnels testified about their negotiations and renovations to the building. The jury found that 352 was entitled to $8,625 from the escrow account but found for Berry on 352's HVAC counterclaim.

¶ 11 After trial, Berry moved for sanctions pursuant to Rule 68[3] in the form of taxable costs and expert witness fees in the sum of $13,344.52 incurred after his February 2008 offer of judgment. Berry also sought nontaxable costs of $10,793.54 and attorneys' fees in the amount of $85,955 based on the attorneys' fee provision of the contract. 352 objected and moved for an award of costs in the amount of $3,617.70 and of attorneys' fees in the amount of $98,359 both as the prevailing party pursuant to the contract and pursuant to A.R.S. §§ 12–341 (2003) and –341.01. Berry objected.

¶ 12 The superior court awarded Berry Rule 68 sanctions of $13,344.52 but no attorneys' fees or costs. It concluded that the jury verdict of $8,625 included $2,400 that 352 had not previously received and thus that 352 was the successful party pursuant to A.R.S. § 12–341.01. It therefore awarded 352

all of its costs and $50,000 of its $98,359 in attorneys' fees. 352 then moved for Rule 68 sanctions because its final judgment, which included attorneys' fees and costs, exceeded its $25,000 offer to Berry in April 2008. Berry objected. 352 also moved for reconsideration of the Rule 68 award to Berry and the denial of the full amount of its attorneys' fees.

¶ 13 At a subsequent oral argument, Berry conceded that he was not entitled to Rule 68 sanctions, and the court accordingly vacated its prior award. The court again concluded that 352 was the successful party based on "the totality of the circumstances" by its receipt of $2,400 from the escrow account. The court cited A.R.S. § 12–341.01(A) as support for a discretionary award of $50,000 in attorneys' fees to 352 plus taxable costs of $3,617.70. It also awarded 352 $1,854.84 in Rule 68 sanctions.

¶ 14 352 submitted a form of judgment that included prejudgment interest of $1,290.12. Berry objected that 352 had not asked for or been awarded prejudgment interest. The court entered judgment for $56,762.66, which included prejudgment interest and "legal interest" until the judgment was paid. Berry timely appealed. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## DISCUSSION

¶ 15 Berry raises numerous issues, all related to the A.R.S. § 12–341.01(A) award of attorneys' fees, costs, Rule 68 sanctions, and prejudgment interest. We first consider whether the parties' agreement formed a basis for an attorneys' fee award.

### Attorneys' Fee Clause in Sales Agreement

¶ 16 Berry contends that the parties' contract, rather than A.R.S. § 12–341.01(A), should govern his fee request. Neither party, however, cited the sales agreement as the

2. The arbitrator awarded 352 $2,400 from the escrow account and any accrued interest; judgment for $38,211.28 on the breach of warranty counterclaim; and attorneys' fees and costs. Berry was awarded $1,375.

3. Rule 68 was amended in 2007, effective January 1, 2008.

basis for awarding fees until after trial had concluded.

¶ 17 We have held that "[a] contractual provision for attorneys' fees will be enforced according to its terms." *Chase Bank of Ariz. v. Acosta,* 179 Ariz. 563, 575, 880 P.2d 1109, 1121 (App.1994). However, a fee request based upon a contractual provision requires pleading and proof. *Robert E. Mann Constr. Co. v. Liebert Corp.,* 204 Ariz. 129, 133, ¶ 12, 60 P.3d 708, 712 (App.2003). In *Robert E. Mann,* we held that a general request for attorneys' fees in the answer waived the contract as a basis for an award, *id.,* even though the trial court retained "broad discretion to award attorneys' fees under A.R.S. § 12–341.01." *Id.* at ¶ 13. Therefore, Berry's failure to cite the parties' contract in his pleadings precluded a fee award on that basis. The trial court properly disregarded the contract.

### Prejudgment Interest

¶ 18 Berry asks us to vacate the award of prejudgment interest to 352. Whether a party is entitled to such interest is a question of law for our *de novo* review. *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cnty.,* 208 Ariz. 532, 544, ¶ 39, 96 P.3d 530, 542 (App.2004); *Alta Vista Plaza, Ltd. v. Insulation Specialists Co.,* 186 Ariz. 81, 82, 919 P.2d 176, 177 (App.1995).

¶ 19 Berry asserts that 352's claim was not liquidated because 352 failed to itemize its "lump sum demand" in a June 6, 2006 letter or to reveal a legal basis for it. But "[a] claim is liquidated if the plaintiff provides a basis for precisely calculating the amounts owed." *John C. Lincoln,* 208 Ariz. at 544, ¶ 39, 96 P.3d at 542; *see also Costanzo v. Stewart Title & Trust of Phoenix,* 23 Ariz.App. 313, 317, 533 P.2d 73, 77 (1975) (liquidated claim exists if claimant's information were believed and would permit an amount to be calculated "with exactness, without reliance upon opinion or discretion"). Thus, even if Berry disputed the facts and the legal basis for 352's first counterclaim, and even if he had succeeded in reducing the amount owed, the sum might still be liquidated. *See Alta Vista Plaza,* 186 Ariz. at 83,

919 P.2d at 178 (citing Charles T. McCormick, *Law of Damages* § 54, at 216 (1935)).

¶ 20 In its June 6, 2006 request for $8,625 from the escrow account, which also was sent to Berry, 352 referred to the invoice for $14,650; noted it had been supplemented by concrete costs, which the parties had already discussed; and enclosed an invoice for the engineering plans for $1,450. The total amount claimed could be readily calculated, and no opinion or discretion was needed to determine that 352 sought half of $17,250. Accordingly, 352's claim to $8,625 was liquidated as of June 6, 2006, and the court properly awarded prejudgment interest.

### "Prevailing Party" Designation

¶ 21 Berry next argues that the court erred in finding that 352 was the prevailing party when Berry had succeeded in avoiding any liability on 352's breach of warranty counterclaim. Determining "who is the successful party for purposes of awarding attorneys' fees is within the sole discretion of the trial court, and will not be disturbed on appeal if any reasonable basis exists for it." *Sanborn v. Brooker & Wake Prop. Mgmt., Inc.,* 178 Ariz. 425, 430, 874 P.2d 982, 987 (App.1994); *accord Hale v. Amphitheater Sch. Dist. No. 10,* 192 Ariz. 111, 117, 961 P.2d 1059, 1065 (App.1998). Furthermore, we view the record in a light most favorable to upholding the trial court. *Rowland v. Great States Ins. Co.,* 199 Ariz. 577, 587, ¶ 31, 20 P.3d 1158, 1168 (App.2001).

¶ 22 We accord this deference to the trial court pursuant to § 12–341.01(A) because that court is better able to evaluate the parties' positions during the litigation and to determine which has prevailed. *See Sanborn,* 178 Ariz. at 430, 874 P.2d at 987. Thus, even if "a party does not recover the full measure of relief it requests does not mean that it is not the successful party." *Id.* We also have held that "[i]n cases involving various competing claims, counterclaims and setoffs all tried together, the successful party is the net winner." *Ayala v. Olaiz,* 161 Ariz. 129, 131, 776 P.2d 807, 809 (App.1989). Similarly, in a case involving multiple claims and varied success, the trial court may apply a "percentage of success" or a "totality of the

litigation" test. *Schwartz v. Farmers Ins. Co. of Ariz.*, 166 Ariz. 33, 38, 800 P.2d 20, 25 (App.1990); *see also Nataros v. Fine Arts Gallery of Scottsdale, Inc.*, 126 Ariz. 44, 49, 612 P.2d 500, 505 (App.1980) (plaintiff alleged fraud; defendant counterclaimed for libel and slander; neither received monetary judgment, but award of fees and costs to defendant based on totality affirmed).

¶ 23 When a case involves several claims based upon different facts or legal theories, as Berry correctly asserts is the case here, the court may decline to award fees "for those unsuccessful separate and distinct claims." *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 189, 673 P.2d 927, 933 (App.1983). It is therefore noteworthy that the trial court significantly reduced the fees awarded, perhaps in light of 352's failure to prevail on the breach of warranty counterclaim.

¶ 24 Nevertheless, 352 received a monetary judgment, and we find no abuse of discretion in the court's conclusion that 352 was entitled to part of its attorneys' fees. Partial success does not preclude a party from "prevailing" and receiving a discretionary award of attorneys' fees. *See Henry v. Cook*, 189 Ariz. 42, 44 n. 1, 938 P.2d 91, 93 n. 1 (App.1996); *see also Ocean W. Contractors, Inc. v. Halec Constr. Co.*, 123 Ariz. 470, 473, 600 P.2d 1102, 1105 (1979) (monetary award not dispositive but "an important item to consider when deciding who, in fact, did prevail").

### "Judgment Finally Obtained"

¶ 25 Berry next argues that because he made a settlement offer to 352 that equaled the jury's verdict, he should have received a portion of his attorneys' fees pursuant to the second sentence of § 12–341.01(A). That statute provides: "If a written settlement offer is rejected and *the judgment finally obtained* is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer and the court may award the successful party reasonable attorney fees." (Emphasis added.)

¶ 26 In July 2007, Berry offered 352 a total of $8,625 from the escrow account consisting of the previously distributed $6,225 and an additional $2,400. His offer was "inclusive of all costs and attorneys' fees currently accrued." Ultimately, the jury awarded 352 precisely $8,625. Berry reasons that because 352 rejected his offer and the verdict was equal to the offer, he was the successful party from the date of his offer.

¶ 27 By its plain language, however, the statute refers not to the verdict finally obtained but to "*the judgment finally obtained.*" When statutory language is clear and unequivocal, we must give effect to that language. *Poulson v. Ofack*, 220 Ariz. 294, 297, ¶ 8, 205 P.3d 1141, 1144 (App.2009). And when presented with such clarity, we do not consider other methods or sources of interpretation. *McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, 75, ¶ 12, 202 P.3d 536, 540 (App.2009).

¶ 28 Moreover, "[t]he word 'judgment' is commonly understood to mean the act of a court which fixes clearly the rights and liabilities of the respective parties to litigation and determines the controversy at hand." *Wolf Corp. v. Louis*, 11 Ariz.App. 352, 355, 464 P.2d 672, 675 (1970). A judgment is "an independent resolution by the court of the issues before it," *In re Marriage of Zale*, 193 Ariz. 246, 249, ¶ 11, 972 P.2d 230, 233 (1999), and thus the scope and amount of a final judgment may exceed the scope and amount of a jury's verdict. We also note that, with certain irrelevant exceptions, "all judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so." Ariz. R. Civ. P. 58(a). A jury's verdict is not signed by a judge. Finally, in the similar context of Rule 68, other courts have found the words, "judgment finally obtained," to be clear and to refer to the court's rendering of a final judgment. *See, e.g., Polk v. Larrabee*, 135 Idaho 303, 17 P.3d 247, 257 (2000) (for Rule 68 purposes, "judgment finally obtained" is not the jury's verdict); *Poole v. Miller*, 342 N.C. 349, 464 S.E.2d 409, 411 (1995) ("judgment finally obtained" was unambiguous and meant a judi-

cial act performed only by a court, not a jury's decision or finding).

¶ 29 In this case, for the purpose of deciding whether attorneys' fees are awardable under A.R.S § 12–341.01(A), the judgment finally obtained by 352 included the verdict of $8,625; taxable costs of $3,617.70; and prejudgment interest of $1,290.12 for a total of $13,532.82. Berry's settlement offer was that 352 receive a total of $8,625.[4] Therefore, 352's "judgment finally obtained" was not equal to or more favorable to Berry than his offer, and Berry thus was not eligible for an A.R.S. § 12–341.01(A) award of attorneys' fees.

**Rule 68 Sanctions**

¶ 30 We now examine application of Rule 68, which specifies the consequences of offers of judgment. Berry contends that the court erred in awarding Rule 68 sanctions to 352 and that he may be entitled to such sanctions. But because Berry conceded at oral argument before the trial court that he was not entitled to Rule 68 sanctions, we decline to consider a contrary position on appeal. *See Schlecht v. Schiel*, 76 Ariz. 214, 220, 262 P.2d 252, 256 (1953) ("[O]ne who deliberately leads the court to take certain action may not upon appeal assign that action as error."); *State v. Armstrong*, 208 Ariz. 345, 357 n. 7, ¶ 59, 93 P.3d 1061, 1073 n. 7 (2004) (invited error doctrine prevents party from injecting trial error and profiting from it on appeal).

¶ 31 Next, we consider Berry's challenge to the court's award of Rule 68 sanctions to 352. We review *de novo* the trial court's interpretation of the Rule, *Levy v. Alfaro*, 215 Ariz. 443, 444, ¶ 6, 160 P.3d 1201, 1202 (App.2007), and consider the Rule's plain language before resorting to other rules of construction. *Id.* We also note that trial courts generally have wide latitude in assessing costs and sanctions. *See generally Fowler v. Great Am. Ins. Co.*, 124 Ariz. 111, 114, 602 P.2d 492, 495 (App.1979). Therefore, we review the imposition of such sanctions for an abuse of discretion. *Hmie-*

*lewski v. Maricopa Cnty.*, 192 Ariz. 1, 4, ¶ 13, 960 P.2d 47, 50 (App.1997).

¶ 32 Rule 68(g) states:

If the offeree rejects an offer and does not later obtain a *more favorable judgment*, other than pursuant to this Rule, the offeree must pay, as a sanction, reasonable expert witness fees and double the taxable costs ... incurred by the offeror after making the offer and prejudgment interest on unliquidated claims to accrue from the date of the offer. If the judgment includes an award of taxable costs or attorneys' fees, only those taxable costs and attorneys' fees determined by the court as having been reasonably incurred as of the date the offer was made shall be considered in determining if the judgment is more favorable than the offer.

(Emphasis added.) 352's settlement offer to Berry on April 18, 2008, was for $25,000 "including all damages, taxable court costs, interest and attorneys' fees." Berry rejected that offer. Therefore, if he did not obtain "a more favorable judgment," he must be ordered to pay 352's reasonable expert witness fees and double its taxable costs incurred after April 18, 2008.

¶ 33 The trial court found that Berry did not obtain a judgment more favorable than the offer, and therefore ordered him to pay 352 its expert witness fees of $350.00 and the doubled taxable costs of $752.42, for a total of $1,854.84. However, although 352's judgment included taxable costs of $3,617.70 and attorneys' fees of $50,000, the court did not base its finding on the taxable costs and attorneys' fees that 352 had *reasonably incurred* as of the date of its offer. On remand, the trial court must determine how much of 352's taxable costs and attorneys' fees were reasonably incurred as of the offer date in order to determine whether Berry obtained a judgment more favorable than 352's offer.

**Attorneys' Fees Incurred on Appeal**

¶ 34 Berry requests an award of attorneys' fees and costs incurred on appeal. Because

---

4. Given the issues raised by the parties, this court need not consider whether attorneys' fees are also to be included in the "judgment finally obtained."

he has not prevailed on appeal, we deny his request.

¶ 35 352 also requests an award of attorneys' fees, costs, and double damages pursuant to A.R.S. §§ 12–341, 12–341.01, 12–342 (2003), and 12–349 (2003). It argues that Berry has questioned rulings clearly left to the trial court's sole discretion and that could not "in good faith be challenged under the undisputed facts in this case." 352 also notes that Berry asked for Rule 68 sanctions after having conceded below that he was not entitled to them. Nevertheless, in our discretion, we deny 352's request for attorneys' fees but award its costs.

## CONCLUSION

¶ 36 For the foregoing reasons, we affirm the trial court's denial of attorneys' fees as based upon the subject contract, its award of prejudgment interest, and its award of attorneys' fees to 352 as the prevailing party pursuant to A.R.S. § 12–341.01(A). However, we vacate the award to 352 of Rule 68 sanctions and remand that matter to the trial court for redetermination. Finally, we award 352 its costs on appeal subject to its compliance with Arizona Rule of Civil Appellate Procedure 21.

CONCURRING: PHILIP HALL, Presiding Judge and PETER B. SWANN, Judge.