NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ROSE HERNANDEZ, *Plaintiff/Appellee*,

*v.*

MARCELINO S. HERNANDEZ and ELIZABETH HERNANDEZ,
husband and wife, *Defendants/Appellants*.

No. 1 CA-CV 14-0457
FILED 12-3-2015

Appeal from the Superior Court in Maricopa County
No. CV2011-020949
The Honorable Michael J. Herrod, Judge

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**

COUNSEL

Platt and Westby, PC, Phoenix
By Bryan L. Eastin
*Counsel for Plaintiff/Appellee*

Rivera Law Group, Phoenix
By Sal J. Rivera
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Presiding Judge Donn Kessler delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Patricia K. Norris joined.

---

**K E S S L E R**, Judge:

**¶1**        Appellants Marcelino and Elizabeth Hernandez (collectively "Marcelino") appeal the trial court's judgment that their breach of oral contract counterclaim against Appellee Rose Hernandez ("Rose") was partially time-barred under Arizona Revised Statutes ("A.R.S.") section 12-543(1) (2003).  For the reasons set forth below, we reverse and remand to the trial court for further proceedings consistent with this decision.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2**        Marcelino and Rose are brother and sister.  Marcelino made a number of informal loans to Rose over a span of many years, some of which were secured by a series of quitclaim deeds to Rose's Phoenix house.  Typically, Marcelino would sign each quitclaim deed back over to Rose when each loan was repaid.  None of the loans were in writing.   Rose made a handful of payments to Marcelino over the years, the most significant of which was a $20,000 payment received by Marcelino on February 11, 2005 from proceeds of the sale of Rose's California house.

**¶3**        Rose filed a quiet title action against Marcelino in 2011, alleging that Marcelino had failed to sign over a quitclaim deed she executed in December 2002.  Rose later alleged that Marcelino kept rent money he collected from tenants residing in Rose's Phoenix house over a span of several years.   Marcelino counterclaimed, alleging that Rose had not repaid a number of loans made between 2002 and October 2006 and had not reimbursed him for several mortgage payments he made on Rose's California and Phoenix houses.

**¶4**        The trial court granted summary judgment for Rose on her quiet title claim, holding that the December 2002 quitclaim deed was an equitable lien and that Rose was the title-holder to the property.   The court then conducted a bench trial on the remaining claims.  After hearing testimony from Rose, Marcelino, and several other family members, the trial court found that Rose's $20,000 payment satisfied all loans made before

February 11, 2005. The trial court also found that Rose's rent claim and the remainder of Marcelino's counterclaim were time-barred under A.R.S. § 12-543(1). Marcelino timely appealed the statute of limitations issue and the denial of his request for attorneys' fees. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (Supp. 2015).[1]

## DISCUSSION

**¶5** The limitations period for a breach of oral contract claim is three years. A.R.S. § 12-543(1). The statute of limitations is an affirmative defense; as such, Rose bore the initial burden to show that Marcelino's counterclaim was time-barred. *See Troutman v. Valley Nat. Bank of Ariz.*, 170 Ariz. 513, 517 (App. 1992). We review *de novo* all questions of law concerning statutes of limitations, including when a cause of action accrues. *Larue v. Brown*, 235 Ariz. 440, 443, ¶ 14 (App. 2014).

### I. The trial court's statute of limitations ruling is not supported by the record.

**¶6** Marcelino argues that the post-February 11, 2005 loans were "pay when able" loans and that his counterclaim did not accrue until Rose was able to pay. *See In re Estate of Page v. Litzenburg*, 177 Ariz. 84, 91 (App. 1993). As support, Marcelino cites his own testimony that Rose could pay him back "whenever she could afford it, you know, whenever she could do it."

**¶7** Moreover, as Marcelino points out in his opening brief, Rose acknowledged that he told her she could pay back the loans when able: "Q. When Marcelino lent you money, is it fair to say that he said to you, Rose, you can pay me back when you can? A. Yes it is." Despite this admission, Rose argued that the loans were silent regarding the time for repayment and that the limitations period therefore began to run when the loans were made. *See In re Estate of Musgrove v. Brown*, 144 Ariz. 168, 171 (App. 1985). The trial court accepted Rose's position, finding that the limitations period accrued for Marcelino's post-February 2005 loans either "when the last loan advance was made" on October 31, 2006 or "when Rose's last payment was made" on November 6, 2006.

**¶8** The trial court's conclusion is not supported by the record. Rose presented no evidence to refute Marcelino's contention that the loans were "pay when able," and identifies no such evidence on appeal. Rose

---

[1] We cite the current version of applicable statutes unless revisions material to this decision have occurred since the events in question.

also fails to address her admission on cross-examination that Marcelino told her the loans were payable when she was able to pay them back. She instead selectively quotes Marcelino's response to her motion for partial summary judgment, claiming he admitted that "[t]he loans did not have a defined due date . . . ." The quoted statement actually reads, in full, "[t]he loans did not have a defined due date - [Marcelino] always told [Rose] that she could repay the loans when she could."

**¶9** Rose also argues that the loans were not "pay when able" because Marcelino expected to be paid when Rose sold her California house in early 2005. Marcelino's expectation of payment out of the proceeds of that sale is irrelevant because the trial court's statute of limitations ruling only applied to loans made after the sale.

**¶10** Finally, Rose argues that she was able to repay the loans when she cleared an additional $30,000 in cash from that same sale. *See Litzenburg*, 177 Ariz. at 91 (holding that the limitations period for a "pay when able" oral contract is triggered whenever the debtor is "able to pay under the contract as a matter of fact, whether or not [the other party] was aware of it"). Again, the trial court's statute of limitations ruling only applied to loans made *after* February 2005. Rose offered no evidence to show she was able to pay back the post-February 2005 loans at any time which would have triggered the statute of limitations. In addition, she does not dispute the amount of loans owed to Marcelino.

**¶11** "[I]t is not only our right, but our duty, to set aside a verdict if no evidence in the record justifies it." *Ogden v. J.M. Steel Erecting, Inc.*, 201 Ariz. 32, 36, ¶ 15 (App. 2001) (internal quotation marks and citation omitted). The trial court erred in accepting Rose's argument that the post-February 2005 demand loans for which the statute of limitations had run. We therefore reverse the court's decision and remand for the court to enter judgment in favor of Marcelino in the amount of $17,111.90.

## II.    Attorneys' fees pursuant to A.R.S. § 12-341.01(A).

**¶12** Marcelino argues that the trial court erred by not awarding him attorneys' fees pursuant to A.R.S. § 12-341.01(A) (Supp. 2015). The trial court declined to award fees to either party except to award Rose fees relating to her successful quiet title claim. *See* A.R.S. § 12-1103(B) (2003).

**¶13** The trial court has broad discretion to determine the prevailing party for purposes of A.R.S. § 12-341.01(A). *Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 13, ¶ 21 (App. 2011). Here however, because of our determination that judgment must be entered in favor of Marcelino on

his counterclaim, we reverse the trial court's denial of Marcelino's request for attorneys' fees and on remand the court can consider whether a fee award in favor of Marcelino is appropriate.[2] *See Allen R. Krauss Co. v. Fox*, 137 Ariz. 203, 204 (App. 1983) ("Ordinarily, after remand, the trial court has the power to determine attorney fee questions.").

### III.   Attorneys' fees and costs on appeal.

¶14        The parties request attorneys' fees and costs on appeal pursuant to A.R.S. §§ 12-341.01 and -341 (2003). Rose is not the successful party so she is not entitled to an award of fees or costs. In our discretion, we decline to award attorneys' fees to Marcelino, however, pursuant to A.R.S. § 12-341, Marcelino is entitled to his taxable costs on appeal upon his compliance with ARCAP 21.

### CONCLUSION

¶15        Based on the foregoing, we reverse the trial court's ruling that Marcelino's post-February 2005 counterclaim was barred by the statute of limitations and the court's denial of Marcelino's request for attorneys' fees, and remand to the trial court to enter judgment in favor of Marcelino on his counterclaim and to consider whether to award attorneys' fees.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[2] To be clear, our decision regarding attorneys' fees pursuant to A.R.S. § 12-341.01(A) does not affect the trial court's award of attorneys' fees to Rose pursuant to A.R.S. § 12-1103(B), which Marcelino does not substantively challenge.