**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FAULKNER USA, INC., a Delaware
corporation and SAFECO INSURANCE
COMPANY OF AMERICA, a
Washington corporation,

            Plaintiffs - Appellants,

    v.

THE DURRANT GROUP, INC., a
Wisconsin corporation; et al.,

            Defendants - Appellees.

No. 14-15299

D.C. No. 3:11-cv-08086-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted May 9, 2016
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

    Plaintiffs Faulkner USA, Inc. ("FUSA") and Safeco Insurance Company of

America appeal (1) the district court's grant of Strand Associates, Inc.'s Federal

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Rule of Civil Procedure 52(c) motion for judgment on partial findings, based on the Plaintiffs' failure to prove that Strand was professionally negligent in not discovering and reporting to FUSA that the Mohave County Flood Control District had jurisdiction over the jail's off-site sewer line crossing; and (2) the district court's orders awarding attorneys' fees and costs to The Durrant Group, Inc. ("Durrant"), Strand Associates, Inc. ("Strand"), and PK Associates, LLC ("PK"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

**1.** In reviewing a Rule 52(c) judgment, we review the district court's findings of fact for clear error and conclusions of law *de novo*. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); Fed. R. Civ. P. 52(a)(6). "The clear error standard also applies to the results of essentially factual inquiries applying the law to the facts." *Zivkovic*, 302 F.3d at 1088 (internal quotation marks omitted). The district court's finding that Strand's scope of duty in rendering "preliminary services" did not include an investigation to determine which local government entity had jurisdiction over the off-site sewer line crossing is clearly erroneous only if it was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (internal quotation marks omitted). Here, evidence in the record supports the district court's finding that the

2

scope of Strand's duty did not include an obligation to discover the Mohave County Flood Control District's requirements for construction of the jail's off-site sewer line crossing during the preliminary design phase. Plaintiffs did not carry their burden of providing specific evidence detailing the scope of Strand's "preliminary services" in this case and whether the scope described in the parties' preliminary services agreement required Strand to discover the regulatory requirements for an off-site sewer line crossing. The district court's findings regarding the scope of Strand's duty and lack of any breach were not clearly erroneous.

**2.** The district court did not abuse its discretion in awarding attorneys' fees and costs to Durrant, Strand, and PK after entering final judgment in their favor with respect to Plaintiffs' contract claims. Durrant and FUSA's contract provided for attorneys' fees and costs to be awarded to the prevailing party, and Durrant defeated FUSA's contract claims during a bench trial. The parties did not waive their claim to attorneys' fees, *see* Fed. R. Civ. P. 54(d)(2)(A), and the district court was within its discretion to find Durrant to be the prevailing party with respect to FUSA's contract claims. *See Berry v. 352 E. Virginia, L.L.C.*, 261 P.3d 784, 788 (Ariz. Ct. App. 2011); *cf. Kaman Aerospace Corp. v. Ariz. Bd. of Regents*, 171 P.3d 599, 609 (Ariz. Ct. App. 2007). The district court was also within its discretion to award Strand and PK their fees incurred up to the time the contract

3

claims against them were dismissed on summary judgment. Ariz. Rev. Stats. § 12-341.01.A ("In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."); *see Rudinsky v. Harris*, 290 P.3d 1218, 1224 (Ariz. Ct. App. 2012); *Modular Mining Sys., Inc. v. Jigsaw Techs., Inc.*, 212 P.3d 853, 859–60 (Ariz. Ct. App. 2009).

We deny Strand's and PK's request for attorneys' fees on appeal without prejudice to filing a proper motion pursuant to Ninth Circuit Rule 39-1.6.

**AFFIRMED.**