NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PAUL S. STEFANOVICH and JANET S. STEFANOVICH, husband and
wife, *Plaintiffs/Counterdefendants/Appellants*,

*v.*

MIKEL STEWART ANDERSON and ROBIN KAY ANDERSON, husband
and wife, *Defendants/Counterclaimants/Appellees*.

No. 1 CA-CV 15-0567
FILED 10-6-2016

Appeal from the Superior Court in Maricopa County
No.  CV2013-002535
The Honorable John Christian Rea, Judge

**AFFIRMED**

COUNSEL

Bihn & McDaniel PLC, Phoenix
By Martin A. Bihn, Donna M. McDaniel
*Counsel for Plaintiffs/Counterdefendants/Appellants*

Combs Gottlieb & MacQueen PC, Phoenix
By Christopher A. Combs, Patrick R. MacQueen, Benjamin L. Gottlieb
*Counsel for Defendants/Counterclaimants/Appellees*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

**T H U M M A**, Judge:

¶1          Plaintiffs Paul and Janet Stefanovich appeal from a judgment entered on a jury verdict, claiming error in a jury instruction and in an award of attorneys' fees. Because they have shown no error, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2          In December 2012, the Stefanoviches filed a justice court action claiming defendants Mikel and Robin Anderson breached a one-year agreement to lease a Chandler residence owned by the Stefanoviches. The Andersons answered and counterclaimed, alleging breach of contract, tort and unjust enrichment claims as well as violations of Arizona Revised Statutes (A.R.S.) sections 33-1321 (2016) (failure to return security deposit or provide accounting), 33-1324 (2016) (failure to maintain fit premises) and 33-1343 (2016) (abuse of access).[1]

¶3          The Andersons' counterclaim sought more than $10,000 in damages, meaning the action was removed to superior court and then transferred to compulsory arbitration. After a hearing, the arbitrator found in favor of (1) the Stefanoviches and awarded them $3,142.85 and (2) the Andersons on their abuse of access counterclaim under A.R.S. § 33-1343 and awarded them $2,700 (one month's rent). The arbitrator awarded the Stefanoviches $24,800 in attorneys' fees and $1,359.59 in costs. The Andersons appealed to superior court. *See* Ariz. R. Civ. P. 77(a).

¶4          After a three-day trial, the superior court instructed the jury on the Stefanoviches' breach of contract claim and the Andersons'

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated. A.R.S. § 33-1343 sets forth a landlord's right to access a dwelling unit. The parties used the terms "abuse of access" and "unlawful entry" synonymously. For clarity, this court will refer to "abuse of access" unless the context otherwise requires.

counterclaims for breach of contract, negligent misrepresentation, fraudulent concealment and violations of A.R.S. §§ 33-1321 and 33-1343. The jury found in favor of (1) the Stefanoviches and awarded them $3,632; (2) the Andersons on their counterclaims for negligent misrepresentation and violation of A.R.S. § 33-1343 and awarded them $5,480.90 and (3) the Stefanoviches on the Andersons' remaining counterclaims decided by the jury.[2] The superior court entered a final judgment on the jury verdict in favor of the Andersons in the net amount of $1,848.90 and, pursuant to the lease agreement and A.R.S. §§ 12-341.01 and 12-341, awarded the Andersons $107,265.50 in attorneys' fees, $1,271.75 in computerized research costs and $3,583.77 in taxable costs. The Stefanoviches timely appealed. This court has jurisdiction pursuant to A.R.S. § 12-2101(A)(1).[3]

## DISCUSSION

**¶5**        The Stefanoviches argue the superior court erred in (1) instructing the jury it must award at least one month's rent to the Andersons if it found an abuse of access and (2) finding the Andersons, not the Stefanoviches, were entitled to an award of attorneys' fees and costs.

## I.        The Issue Of Whether The Jury Was Properly Instructed On Abuse of Access Was Not Preserved For Appeal.

**¶6**        The superior court instructed jurors that, if they found the Stefanoviches entered the property unlawfully, "then you must determine the amount of actual damages to award the Andersons, which at a minimum must be at least one month's rent." The Stefanoviches urge that this instruction is contrary to the relevant statute, which provides:

> If the landlord makes an unlawful entry or a lawful entry in an unreasonable manner or makes repeated demands for entry otherwise lawful but which have the effect of unreasonably harassing the tenant, the tenant

---

[2] The superior court granted the Stefanoviches' motion for judgment as a matter of law on the Andersons' claim for punitive damages, Ariz. R. Civ. P. 50, and the Andersons either abandoned or waived their other counterclaims.

[3] The current version of the applicable statute is cited when no revisions material to this decision have since occurred.

> *may* obtain injunctive relief to prevent the
> recurrence of the conduct or terminate the rental
> agreement. *In either case*, the tenant *may* recover
> actual damages not less than an amount equal
> to one month's rent.

A.R.S. § 33-1376(B) (emphasis added).

**¶7**        A party may not "assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Ariz. R. Civ. P. 51(a). Failure to object with particularity to a jury instruction generally results in waiver of the objection on appeal. *See Duran v. Safeway Stores, Inc.*, 151 Ariz. 233, 234 (App. 1986); *see also Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 157 Ariz. 411, 419-20 (1988) (deeming waived appellant's argument that jury instruction was error because appellant failed to object to the final instructions at trial).

**¶8**        The Stefanoviches do not cite to the record where they objected to the abuse of access instruction on the basis it misstated the law. Nor does this court's review show such a timely objection in the record presented. In a motion for summary judgment filed more than a year before trial, the Stefanoviches argued the Andersons neither sought injunctive relief nor terminated the lease, meaning they were not entitled relief under A.R.S. § 13-1376. The Andersons' response, however, was that they "did terminate the lease" and the superior court denied the motion for summary judgment without explanation. This motion for summary judgment did not set forth "distinctly" or "with particularity" any objection to what jury instructions would be appropriate at the close of the evidence at trial. Ariz. R. Civ. P. 51(a).

**¶9**        The Stefanoviches moved for judgment as a matter of law before the jury deliberated, *see* Ariz. R. Civ. P. 50, but did so on grounds unrelated to the abuse of access instruction. Further, the Stefanoviches failed to provide this court with transcripts from the superior court proceedings, notwithstanding their burden to ensure "the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); *see* Ariz. R. Civ. App. P. 11(b), (c). Accordingly, because the record does not show the Stefanoviches objected to the instruction, they have waived the issue on appeal.

**II.     Attorneys' Fees.**

   **A.     The Superior Court Did Not Err In Determining The Parties' Claims Arose Out Of Contract.**

**¶10**     The Stefanoviches argue the superior court erred in awarding attorneys' fees to the Andersons because the claims on which they prevailed did not arise out of contract under A.R.S. § 12-341.01. The issues of contract interpretation and the interpretation and application of a fee statute are reviewed de novo. *Great W. Bank v. LJC Dev., LLC*, 238 Ariz. 470, 475 ¶ 9 (App. 2015); *Arizona Tile, L.L.C. v. Berger*, 223 Ariz. 491, 498 ¶ 35 (App. 2010). This court may affirm the superior court on any basis supported by the record, *Leflet v. Redwood Fire & Cas. Ins. Co.*, 226 Ariz. 297, 300 ¶ 12 (App. 2011), even one not relied upon by that court, *Parkinson v. Guadalupe Pub. Safety Ret. Local Bd.*, 214 Ariz. 274, 277 ¶ 12 (App. 2007).

**¶11**     The lease agreement provided that "[t]he prevailing party *in any dispute or claim* between Tenant and Landlord *arising out of or relating to this Agreement* shall be awarded all their reasonable attorney[s'] fees and costs." (Emphasis added.) "A contractual provision for attorneys' fees will be enforced according to its terms." *Chase Bank of Ariz. v. Acosta*, 179 Ariz. 563, 575 (App. 1994); *see also Grubb & Ellis Mgmt. Servs., Inc. v. 407417 B.C., L.L.C.*, 213 Ariz. 83, 90 ¶ 26 (App. 2006) (noting that contractual attorneys' fees provision controls to the exclusion of a statute).

**¶12**     This litigation constituted, at the core, a dispute between the parties that related to the lease agreement. Indeed, the Stefanoviches' pretrial statement conceded as much, noting "[t]his is a landlord-tenant dispute arising out of the rental of a furnished home." On this record, and given this concession, the superior court did not err in determining the parties' claims arose out of contract.

**B.    The Superior Court Did Not Abuse Its Discretion In Determining The Andersons Were The Prevailing Parties.**

¶13        The Stefanoviches argue that the superior court should have considered "percentage of success" or "totality of litigation" in determining the prevailing party, rather than the "net verdict rule."[4] The superior court has discretion to determine who the successful party is for the purpose of awarding attorneys' fees, and this court will not disturb that decision on appeal if there is any reasonable basis for it. *Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 430 (App. 1994); *see also Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 13 ¶ 21 (App. 2011). This court views the record in the light most favorable to upholding the superior court. *Berry*, 228 Ariz. at 13 ¶ 21.

¶14        Looking at the net judgment is one method of determining the successful party, *see Trollope v. Koerner*, 21 Ariz. App. 43, 47 (1973) (a party who obtains judgment in excess of setoff or counterclaim is "successful"), particularly in cases involving "competing claims, counterclaims and setoffs all tried together," *Ayala v. Olaiz*, 161 Ariz. 129, 131 (App. 1989).

> For cases involving claims and counterclaims in which both sides receive a favorable judgment in part, our supreme court has applied the 'net judgment' approach, by which the 'prevailing party' for attorneys' fees purposes is the party that, when both sides are awarded judgments, is awarded a greater amount than the other party.

*Vortex Corp. v. Denkewicz*, 235 Ariz. 551, 562 ¶ 40 (App. 2014) (citing *Ocean West Contractors, Inc. v. Halec Constr. Co.*, 123 Ariz. 470, 473 (1979)).

¶15        Relying on *Ocean West*, the Stefanoviches urge the "net verdict rule" is inapplicable because this was not one action involving a claim and counterclaim on a contract, but rather two separate actions tried together. *See Ocean West*, 123 Ariz. at 473-74. Not only do the Stefanoviches parse *Ocean West* too finely, *see generally Vortex*, 235 Ariz. at 554 ¶ 5, 562 ¶ 40, the record does not support their premise. Among other things, without apparent objection by the Stefanoviches, the jury was instructed at the

---

[4] The parties do not suggest that "prevailing party" as used in the lease agreement should be construed differently than "successful party" under A.R.S. § 12-341.01.

beginning of trial that "[t]his case is a landlord-tenant dispute arising out of the lease of a furnished home. . . ." and that "[t]he Stefanoviches filed this lawsuit alleging damages for unpaid rent, late fees, and property damage." The superior court had a reasonable basis to find the Andersons were the prevailing party. Accordingly, the court did not abuse its discretion in determining the Andersons were entitled to an award of attorneys' fees and costs pursuant to the lease agreement.

## CONCLUSION

¶16        The judgment is affirmed. The Stefanoviches' request for an award of attorneys' fees on appeal is denied. The Andersons are awarded their reasonable attorneys' fees and costs on appeal pursuant to the lease agreement, upon their compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA