NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

BERGHOFF DESIGN GROUP, INC., *Plaintiff/Appellee*,

*v.*

MARY GERDTS, et al., *Defendant/Appellants*.

No. 1 CA-CV 20-0623
FILED 7-13-2021

---

Appeal from the Superior Court in Maricopa County
No. CV2018-012080
The Honorable James D. Smith, Judge

**AFFIRMED**

---

COUNSEL

Bluff & Associates, Phoenix
By Guy W. Bluff (argued) and Bruce A. Smidt
*Counsel for Plaintiffs/Appellees*

Lewis Roca Rothgerber Christie LLP, Phoenix
By Robert H. McKirgan (argued) and Jared L. Sutton
*Counsel for Defendants/Appellants*

———————————————

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Peter B. Swann and Judge David D. Weinzweig joined.

———————————————

**M c M U R D I E**, Judge:

¶1        Mary Gerdts and Douglas McKinney appeal the superior court's order awarding Berghoff Design Group, Inc. ("Berghoff") attorney's fees, arguing that the court abused its discretion by finding that Berghoff was the successful party in an arbitrated contract dispute. Because a reasonable basis supports the court's determination, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Beginning in May 2016, Gerdts and McKinney entered a series of contracts with Berghoff in which Berghoff agreed to design and install extensive landscaping and hardscaping features at Gerdts and McKinney's home. Before the litigation commenced, Berghoff had billed Gerdts and McKinney for $531,207, and they had paid $481,918. However, Berghoff requested payment in full, and Gerdts and McKinney refused, disputing that Berghoff had completed the work.

¶3        In September 2018, Berghoff filed a complaint against Gerdts and McKinney, alleging several claims, including breach of contract, and claiming that $49,289 remained due under the contract. Gerdts and McKinney filed several counterclaims, including breach of contract. In addition, they alleged that Berghoff owed them $70,833 because Berghoff did not complete the work and used defective materials.

¶4        After an unsuccessful settlement conference, the parties exchanged settlement offers. Berghoff offered to accept $30,433 to settle the litigation. Gerdts and McKinney counteroffered that all parties walk away and bear their costs and attorney's fees. Later, Gerdts and McKinney offered to pay Berghoff $10,000 to settle the litigation. In April 2020, as the trial date approached, Berghoff made a final settlement offer to accept $65,000. Gerdts and McKinney counteroffered to pay $15,000 and suggested arbitration as an alternative to trial.

¶5        The parties ultimately agreed to arbitration. After an evidentiary hearing and a site visit, the arbitrator concluded that Berghoff

rendered services for which Gerdts and McKinney agreed to pay $35,367 but that Gerdts and McKinney were entitled to $34,588 of offsets for improperly installed lights and defective orange trees. Accordingly, the arbitrator awarded Berghoff $779.

¶6 Both parties applied to the superior court for costs and attorney's fees under A.R.S. § 12-341.01. The court used the net judgment rule and concluded that Berghoff was the prevailing party. The court awarded Berghoff attorney's fees of $52,480, half of the fees requested. The court reduced the fees to account for Berghoff's losses on several of its affirmative claims, litigation involving routine issues, and inefficiencies apparent in Berghoff's counsel's time entries.

¶7 Gerdts and McKinney appealed the fee award, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶8 We view the facts in a light most favorable to upholding the superior court's judgment and will affirm the superior court's successful party determination for attorney's fees purposes if a reasonable basis supports it. *Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 13, ¶ 21 (App. 2011).

## A. Berghoff Was the Successful Party under the Net Judgment Rule.

¶9 When adverse parties assert claims and counterclaims arising from the same contract, the party awarded a higher net judgment may be deemed the successful party under A.R.S. § 12-341.01. *Ocean W. Contractors, Inc. v. Halec Const. Co.*, 123 Ariz. 470, 473–74 (1979).

¶10 Gerdts and McKinney argue that they were the successful parties under the net judgment rule because they were awarded a setoff of $48,510 while Berghoff was awarded only $779. But the net judgment rule turns on Berghoff's net award, not Gerdts and McKinney's gross award.

¶11 As the arbitration commenced, Berghoff alleged $49,289 remained due under the contract. However, Gerdts and McKinney claimed that because of overbilling and defective work, they owed Berghoff nothing and Berghoff owed them $70,833, making the total value of their counterclaim $120,122.

¶12 After accounting for a clerical error and billed items not installed, the arbitrator found that Gerdts and McKinney had not paid for $35,367 of materials and services provided by Berghoff. Meanwhile, the

arbitrator found that Gerdts and McKinney were entitled to an offset of $34,588 because Berghoff had improperly installed several lights and had planted defective trees.

¶13 Therefore, the dueling contract claims and counterclaims resulted in a small net judgment of $779 for Berghoff. The court considered the parties' respective entitlements and determined Berghoff was the successful party under the net judgment rule based on the arbitrator's $779 net judgment in favor of Berghoff. Thus, the court did not abuse its discretion by finding Berghoff the successful party.

## B.   The Court Did Not Err by Exercising its Discretion to Award Attorney's Fees.

¶14 Gerdts and McKinney also argue that the court erred by assuming that Berghoff was entitled to attorney's fees as the prevailing party without considering the factors articulated in *Associated Indemnity Corporation v. Warner*, 143 Ariz. 567, 570 (1985).

¶15 In *Warner*, our supreme court enumerated several permissive factors to help the superior court determine whether fees should be granted under A.R.S. § 12-341.01, 143 Ariz. at 570, but "[w]e will affirm an award with a reasonable basis even if the trial court gives no reasons for its decision regarding whether to award fees" under the statute. *Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, ¶ 9 (App. 2007).

¶16 Though not required, the superior court made written findings on the *Warner* factors. And while the court considered the factors both in deciding whether to award fees and determining the amount of fees to award, that is not error. *Hall v. Read Dev., Inc.*, 229 Ariz. 277, 279, ¶ 8 (App. 2012) (as amended) ("Once the court determines the successful party, the court weighs various factors to decide the amount of fees, if any, to be awarded the successful party, an exercise that is also highly discretionary.") (citing *Warner*, 143 Ariz. at 571).

¶17 The thrust of Gerdts and McKinney's argument is that the superior court reached the wrong conclusions after it applied the *Warner* factors to the facts here. But "[w]e will not substitute our discretion for that of the trial court in awarding attorney's fees pursuant to [A.R.S. § 12-341.01] when the record contains a reasonable basis for the award." *Ponderosa Plaza v. Siplast*, 181 Ariz. 128, 132 (App. 1993). The court did not err in applying the *Warner* factors to determine whether to award attorney's fees.

**C.** **The Court Did Not Err by Concluding that the Judgment Finally Obtained by Berghoff was More Favorable than Gerdts and McKinney's $10,000 Settlement Offer.**

¶18 Gerdts and McKinney also argue they were the successful party because they made a settlement offer of $10,000, which was more favorable than the $779 judgment finally obtained by Berghoff.

> If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer and the court may award the successful party reasonable attorney fees.

A.R.S. § 12-341.01(A). In determining whether a final judgment is more favorable than a settlement offer, the court must compare the amount of the proposal to the sum of the judgment and the attorney's fees and taxable costs incurred before the offer. *Am. Power Products v. CSK Auto, Inc.*, 242 Ariz. 364, 370–71, ¶ 25 (2017).

¶19 In its application for fees, Berghoff asserted that its costs and fees before Gerdts and McKinney's offer totaled $22,905. The court recognized that if even half that amount was added to the final judgment amount of $779, the $10,000 offer was not more favorable by comparison. This is precisely the analysis outlined in *American Power Products*. The court did not err.

**D.** **Berghoff is Entitled to its Costs and Reasonable Attorney's Fees on Appeal.**

¶20 Berghoff requests costs and attorney's fees on appeal under A.R.S. §§ 12-341.01 and -342. Because Berghoff is the successful party on appeal, we award costs and exercise our discretion to award reasonable attorney's fees subject to Berghoff's compliance with ARCAP 21.

5

**CONCLUSION**

¶21       We affirm the superior court's award of attorney's fees.



AMY M. WOOD • Clerk of the Court
FILED:    AA