NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DONNA PANTO and STEVEN PANTO, *Plaintiffs/Appellants*,

*v.*

GERALD SINES and ROBIN NELSON, *Defendants/Appellees*.

No. 1 CA-CV 23-0182
FILED 11-21-2023

Appeal from the Superior Court in Mohave County
No.   S8015CV202200834
The Honorable Steven C. Moss, Judge

**AFFIRMED**

COUNSEL

Law Offices of Linda Marie Brown PLLC, Bullhead City
By Linda Marie Brown
*Counsel for Plaintiffs/Appellants*

Lundberg & Elias PLLC, Bullhead City
By T'shura-Ann Elias
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Brian Y. Furuya joined.

---

**B A I L E Y**, Judge:

¶1 Appellants Donna and Steven Panto ("Landlords") challenge the superior court's denial of their request for attorney's fees and costs following a jury trial. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Starting in 2014, Appellees Gerald Sines and Robin Nelson ("Tenants") rented a Bullhead City house from Landlords. The parties signed two lease agreements: one in August 2014 and one in February 2016. Both agreements obligated Tenants to pay $850 in monthly rent.

¶3 Landlords tried to terminate the lease in May 2022. They filed an eviction complaint in justice court soon after. Tenants counterclaimed, alleging, among other things, that Landlords had "agreed to sell the . . . property" to them and later breached that agreement.

¶4 The justice court transferred the case to superior court, and the matter proceeded to jury trial. At the time of trial, Landlords sought (1) an eviction order, (2) unpaid rent, (3) compensation for alleged property damage and repairs, and (4) punitive damages. Tenants asserted five counterclaims: (1) breach of the alleged purchase agreement, (2) breach of the implied covenant of good faith and fair dealing, (3) unjust enrichment stemming from the "failure to complete the sale of the property," (4) quiet title, and (5) fraudulent misrepresentation.

¶5 At the close of Landlords' case-in-chief, Tenants moved for a directed verdict on several issues and prevailed on two: (1) punitive damages and (2) "that any hold-over tenancy period will be charged at the rate of [$]850.00 per month." At the close of trial, the jury found for Landlords, awarded them $4,250 in damages, and denied Tenants' counterclaims.

**¶6**        The superior court invited both sides to submit requests for attorneys' fees and costs. Landlords claimed fees under Arizona Revised Statutes ("A.R.S.") § 12-341.01(A) and the lease agreements, which provide:

> In any action or proceeding arising out of this agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.

Tenants claimed fees under A.R.S. § 12-341.01(A), contending they had prevailed on some of Landlords' claims and that the $4,250 damages award was "significantly less than what was sought by [Landlords]."

**¶7**        The superior court, noting that both sides sought "tens of thousands of dollars" in damages, found that Landlords were "the prevailing part[ies], though that is true only in a nominal sense considering the extent of damages sought." But the court also stated that "awarding fees against [Tenants] would cause extreme hardship" and it was "loath to discourage or chill others in [Tenants'] circumstances from asserting similar claims." The court concluded that "neither party is a prevailing party under the facts and circumstances of this case" and denied both parties' requests for attorneys' fees and costs.

**¶8**        Landlords timely appealed the denial of their request for attorney's fees and costs. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

I.    The superior court did not abuse its discretion in determining Landlords were not the prevailing parties.

**¶9**        Landlords argue that fee awards under contractual provisions are mandatory and thus the superior court lacked discretion to decline to award fees. *See, e.g., Murphy Farrell Dev., LLLP v. Sourant*, 229 Ariz. 124, 133, ¶ 32 (App. 2012). But the lease agreements call for an award of reasonable attorney's fees and costs to "the prevailing party." To recover fees, Landlords had to first show that they were the prevailing parties.

**¶10**        Because the lease agreements do not define "prevailing party," we look to Arizona cases addressing the definition of "successful party," as used in A.R.S. § 12-341.01(A). *See Am. Power Prods., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 368, ¶ 15 (2017). Whether a party is successful for purposes of A.R.S. § 12-341.01(A) is within the superior court's sole discretion. *Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 13, ¶ 21 (App. 2011). As this case involved multiple claims and varied success, the superior court

could apply either a "percentage of success" test or a "totality of the litigation" test. *Id.* at 13–14, ¶ 22. It appears the court applied the latter. We will affirm the court's prevailing party determination if it has any reasonable basis. *Lee v. ING Inv. Mgmt., LLC*, 240 Ariz. 158, 161, ¶ 8 (App. 2016). We do so because the superior court "is better able to evaluate the parties' positions during the litigation and to determine which has prevailed." *Berry*, 228 Ariz. at 13, ¶ 22.

¶11        Landlords contend they were the prevailing parties because the jury "found in favor of a landlord/tenant relationship and did not find a purchase/sale agreement or unjust enrichment as alleged by the [Tenants]." While true, the superior court also observed that Landlords' "claims for property damage and/or waste were meritorious but clearly exaggerated" and "[t]heir claims for punitive damage were not meritorious." As Landlords did not provide trial transcripts, we must presume the evidence presented at trial supported these findings. *J.F. v. Como in & for Cnty. of Maricopa*, 253 Ariz. 400, 406–07, ¶ 31 (App. 2022).

¶12        Landlords also contend they prevailed because the jury awarded them damages. A money judgment is one important factor for consideration, but the "party who is awarded a money judgment in a lawsuit is not always the successful or prevailing party." *Ocean W. Contractors, Inc. v. Halec Const. Co.*, 123 Ariz. 470, 473 (1979). The judgment is not dispositive here because the court found Landlords only prevailed "in a nominal sense considering the extent of damages sought," noting that Landlords' claims totaled "tens of thousands of dollars." Landlords do not show the court abused its discretion by considering the damages amount they were awarded. *See Bank One, Arizona v. Rouse*, 181 Ariz. 36, 41 (App. 1994) (holding that the superior court has discretion to deny attorneys' fees and costs to both sides when there is no "clear successful party"). We affirm the denial of Landlords' attorney's fees claim. *See Hall v. Read Dev., Inc.*, 229 Ariz. 277, 279, ¶ 7 (App. 2012) (concluding that the superior court has "broad discretion to determine whether a party was successful in the litigation").

II.        We need not address Tenants' settlement offers.

¶13        Landlords also challenge the court's finding that Tenants "made what appears to have been a reasonable settlement offer, though that offer is not . . . apple-to-apple comparable to the matters submitted to the jury." If a written settlement offer is rejected and the final judgment is equal to or more favorable to the offeror, the offeror is deemed the successful party from the date of the offer. A.R.S. § 12-341.01(A).

**¶14**      The court did not find that Tenants were successful parties on this basis, nor did it award them fees.  Tenants do not challenge those rulings, and thus we need not address their settlement offers.

III.      Taxable Costs in Superior Court

**¶15**      The court also has discretion to determine who is the successful or prevailing party for purposes of awarding costs under A.R.S. § 12-341.  *See Nataros v. Fine Arts Gallery of Scottsdale, Inc.*, 126 Ariz. 44, 49 (App. 1980) (affirming the superior court's determination of successful party "based upon the totality of the litigation presented").  Landlords do not show that the court abused its discretion in finding they were not successful parties.  We affirm the denial of their taxable costs claim.

IV.      Attorneys' Fees and Taxable Costs on Appeal

**¶16**      Both sides request attorneys' fees and taxable costs, citing Arizona Rule of Civil Appellate Procedure ("ARCAP") 21.  ARCAP 21 is not a substantive basis for a fee award.  *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 224, ¶ 34 (App. 2012).  "Because neither cites authority to support the request, neither is entitled to an award of attorney's fees."  *Vera v. Rogers*, 246 Ariz. 30, 36, ¶ 23 (App. 2018).  Tenants are successful in this appeal and may recover their taxable costs upon compliance with ARCAP 21.  *See* A.R.S. § 12-341.

**CONCLUSION**

**¶17**      We affirm the superior court's denial of Landlords' request for attorney's fees and costs.



AMY M. WOOD • Clerk of the Court
FILED:     AA

5